## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| In Re:<br><br>**BARANKO ENTERPRISE, INC,**<br><br>  Debtor. | Case No.:  18-31638<br><br>Chapter  11 |
| In re:<br><br>**VR KING CONSTRUCTION, LLC,**<br><br>  Debtor. | Case No.:  18-31635<br><br>Chapter  11 |
| In re:<br><br>**VR INVESTMENTS, LLC,**<br><br>  Debtor. | Case No.:  18-31637<br><br>Chapter  11 |

### MOTION OF THE DEBTORS-IN-POSSESSION FOR SUBSTANTIVE CONSOLIDATION OF THE ABOVE-CAPTIONED CHAPTER 11 CASES PURSUANT TO SECTION 105(A) OF THE BANKRUPTCY CODE

**NOW COMES** VR KING CONSTRUCTION, LLC, VR INVESTMENTS, LLC AND

BARANKO ENTERPRISE, INC. (collectively the "Debtors"), by and through their undersigned

counsel, and hereby move the Court for entry of an order directing substantive consolidation of

these chapter 11 cases (the "Motion"), pursuant to Section 105(a) under title 11 of the United

States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").  In support of this Motion, the

Debtors respectfully represent as follows:

## JURISDICTION

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

Venue of these cases and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and

1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The statutory

predicate for the relief requested herein is Section 105(a) of the Bankruptcy Code.

2.     No other prior request for the relief requested herein has been made to this, or any

other, Court.

## BACKGROUND

3.     On October 31, 2018 (the "Petition Date"), the Debtors filed voluntary petitions for

relief under chapter 11 of the Bankruptcy Code in this Court.  The Debtors continued in

possession of their properties and the management of their business as a debtors in possession

pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4.     The sole owner of each of the Debtors is Vinroy Reid via either the pertinent

membership interest or stock certificate.  Mr. Reid is the registered agent and managing member

of VR King Construction, LLC ("King") and VR Investments, LLC ("VR").  Vinroy Reid is the

sole shareholder of Baranko Enterprise, Inc. ("Baranko") and assumed management

responsibilities for the entity, upon information and belief, since 2013.

5.     The mailing and office address listed with the North Carolina Secretary of State for

King and VR is the same for each.

6.     VR, King and Baranko have no clear division between each other, have identical

creditors, used one bank account and failed to have corporate meetings.

2

7.    The Debtors anticipate that the creditors who might file proofs of claim in the chapter 11 cases will be identical. Consequently, the pertinent creditor matrixes are identical.

8.    Moreover, the highly litigious matter involving Y2 Yoga Cotswold, LLC[1], involving Vinroy Reid individually as well as the Debtors, included allegations of alter ego and the lack of corporate formalities. During trial, Vinroy Reid testified that his individual finances and that of the Debtors were identical and all regularly banked through one account. Consequently, the Debtors, in state court, stipulated to joint and severally liability for any liability rendered by the jury's verdict. Attached hereto as <u>Exhibit A</u> and incorporated by reference as if fully set forth herein is that certain *Vinroy W. Reid's, VR King Construction, LL's, VR Investments, LLC's, Baranko Enterprise, Inc.'s Stipulation of Joint and Several Liability, if any*.

9.    Based upon this testimony and the lack of the Debtors' books and records pre-petition, the Debtors failure to distinguish their assets and otherwise failing to respect corporate formalities in their daily operations, substantive consolidation is warranted.

10.    A proposed plan of reorganization for the Debtors likely contemplates the merging of each and every asset and liability of the Debtors such that: (i) all assets and liabilities of the Debtors shall be merged, (ii) no distributions shall be made under the Plan on account of intercompany claims among the Debtors, and (iii) all obligations of the Debtors including any joint and several liability shall be deemed to be one obligation owed by the Debtors.

## **RELIEF REQUESTED**

11.    The Debtors respectfully request that this Court enter an order substantively consolidating the Debtors' chapter 11 cases into one chapter 11 case for all purposes related to the administration and reorganization of their case. Given the unity of ownership, management

---

[1] *Y-2 Yoga Cotswold, LLC v. Vinroy Reid, et al.*, Meck. Co. Case No. 16-CVS-23179.

and uniformity amongst the creditors, the Debtors' lack of respect of corporate formalities, and the failure to distinguish assets between the Debtors, substantive consolidation of the Debtors' cases is warranted under these facts.   Additionally, the substantive consolidation of the Debtors' cases is in the best interests of the respective estates and creditors of the Debtors as it will allow for the efficient operation of the Debtors' bankruptcy estates, and enable the Debtors to file a feasible plan of reorganization.

12.   "Substantive consolidation usually results in, *inter alia*, pooling the assets of, and claims against, the two entities; satisfying liabilities from the resultant common fund; eliminating inter-company claims; and combining the creditors of the two companies for the purposes of voting on reorganization plans."   *In re Augie/Restivo Baking Co., Ltd.*, 860 F.2d 515, 518 (2d Cir. 1988).   The purpose of substantive consolidation is to ensure the equitable distribution of property among all creditors.   *Id.*

13.   The bankruptcy court's authority to order substantive consolidation stems from the equitable powers statutorily granted to the bankruptcy court.   *See* 11 U.S.C. § 105(a); *In re Derivium Capital, LLC*, 380 B.R. 407, 426 (Bankr. D.S.C. 2006).   Courts commonly apply the test adopted by the Second Circuit in *Augie/Restivo* to determine whether to substantively consolidate a debtor's estate with a related entity.   *See, e.g.*, *In re Smith*, 2009 WL 1241316, at *1 (Bankr. E.D.N.C. 2009); *Derivium Capital*, 380 B.R. at 426; *In re Fas Mart Convenience Stores, Inc.*, 320 B.R. 587, 594 (Bankr. E.D.Va. 2004).   Under this test, substantive consolidation is appropriate when:   (1) creditors dealt with the entities as a single economic unit and did not rely on separate identities in extending credit; or (2) when the affairs of the debtor are so entangled that consolidation will benefit all creditors.   *Augie/Restivo*, 860 F.2d at 518; *Derivium Capital*, 380 B.R. at 426.

4

14.    Courts have often considered the following seven factors when determining whether the equities of a particular fact pattern warrant the substantive consolidation of multiple entities in bankruptcy,: (1) the presence or absence of consolidated financial statements; (2) the unity of interest of and ownership between various corporate entities; (3) the existence of parent and intercorporate guarantees on loans; (4) the degree of difficulty in segregating and ascertaining individual assets and liabilities; (5) the existence of transfers of assets without formal observance of corporate formalities; (6) the commingling of assets; and (7) the profitability of consolidation at a single physical location. *See In re Orfa Corporation of Philadelphia*, 129 B.R. 404, 414–15 (Bankr. E.D.Pa. 1991). The purpose of the factors is to assist courts in deciding whether to utilize Section 105(a) discretion to substantively consolidate, "[h]owever, all of the factors need not be present to justify consolidation." *See id.*

15.    The Debtors submit that the *Augie/Restivo* test, based upon the foregoing seven factors, is satisfied by the factual background of the above-referenced chapter 11 cases and that these chapter 11 cases should be substantively consolidated to facilitate the most equitable and efficient reorganization of the Debtors.

16.    Vinroy Reid is the sole owner of the Debtors. Accordingly, there exists a complete unity of interest of ownership between the Debtors as well as management.

17.    The existence of such intercorporate and unified obligations amongst the Debtors weighs strongly in favor of substantive consolidation as it demonstrates that the Debtors effectively dealt with identical parties in its business operations.

18.    The Debtors did not treat each of its business concerns as separate legal entities. This not only suggests that creditors did not treat the business as separate legal entities but demonstrates the severe level of entanglement between the Debtors.

19.    Similarly, the Debtors failed to distinguish their assets, and failed to maintain separate books and records. The Debtors did not even keep separate bank accounts which, again, demonstrates a level of entanglement between the Debtors' affairs.

20.    Finally, all of the Debtors' operations are conducted at 626 Char-Meck Lane, Charlotte, North Carolina.

21.    The equitable balancing of the facts, guided by the above factors, weighs in favor of substantive consolidation. Indeed, the Debtors are owned and operated by the same person.

22.    From these facts, it appears that creditors likely dealt with the Debtors as a single entity and did not rely on their separate identities in extending credit. Further, these facts also indicate that the affairs of the Debtors are entangled to such a degree that not only would the substantive consolidation of the Debtors assist the efficient administration of these chapter 11 cases, but it would also enable the Debtors to propose and administer a plan of reorganization that will result in the most equitable distribution to all creditors.

23.    Mr. Keith Johnson contacted Mr. Tadlock, Vinroy Reid's chapter 13 trustee, and Mr. Tadlock has no objection to the relief requested herein.

**WHEREFORE**, the Debtors respectfully request that this Court enter an order:

1) Substantively consolidating VR KING CONSTRUCTION, LLC, VR INVESTMENTS, LLC and BARANKO ENTERPRISES, INC. bankruptcy cases;

2) Merging all of the Debtors' assets and liabilities;

3) Deeming each and every claim scheduled and/or filed to be one claim against, and obligation of, the consolidated estate; and

4) Granting such further relief as is just and proper.

Dated: Charlotte, North Carolina
November 14, 2018

**SODOMA LAW, P.C.**

_/s/ John C. Woodman_
John C. Woodman (NC Bar No. 42365)
211 East Blvd.
Charlotte, North Carolina 28203
(704) 442-0000
jwoodman@sodomalaw.com
*Counsel for the Debtors*

**R. KEITH JOHNSON , P.A.**

_/s/ R. Keith Johnson_
R. Keith Johnson
1275 S. Hwy 16 Business
Charlotte, NC 28164
Telephone: (704) 827-4200
*Counsel for the Individual Debtor*

# EXHIBIT A

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

Y-2 YOGA COTSWOLD, LLC,

    Plaintiff,

v.

VINROY W. REID, VR KING
CONSTRUCTION, LLC, AND VR
INVESTMENTS, LLC, BARANKO
ENTERPRISE INC., AND SPEND
MANAGEMENT SOLUTIONS, LLC,

    Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
16 CVS 23179

**MECKLENBURG COUNTY
FILED #92

NOV 01 2018

O'CLOCK____M
CLERK OF SUPERIOR COURT**

**VINROY W. REID'S, VR KING
CONSTRUCTION, LLC'S, VR
INVESTMENTS, LLC'S, BARANKO
ENTERPRISE INC.'S STIPULATION
OF JOINT AND SEVERAL
LIABILITY, IF ANY**

    NOW COMES, Vinroy W. Reid, VR King Construction, LLC, VR Investments, LLC, and Baranko Enterprise, Inc. ("the Reid Defendants"), and hereby stipulate to joint and several liability among these Defendants in this action—if any is found.

    This the 1st day of November, 2018.

CHRISTOPHER J. CAMPBELL
Bar No: 44277
Attorney for Vinroy W. Reid, VR King
Construction, LLC,  VR Investments, LLC
and Baranko Enterprise, Inc.
McAngus Goudelock & Courie, PLLC
Post Office Box 30307
Charlotte, North Carolina 28230
(704) 643-6303
christopher.campbell@mgclaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon all counsel of

record by **hand-delivery** as follows:

David G. Guidry
Rabon Law Firm, PLLC
225 East Worthington Avenue, Suite 100
Charlotte, North Carolina 28203
Attorney for Y-2 Yoga Cotswold, LLC

Gillian S. Crowl
Swift Currie McGhee & Hiers LLP
1355 Peachtree Street NE, Suite 300
Atlanta, Georgia 30309
Attorney for Spend Management Solutions LLC

This the 1st day of November, 2018.

_____
CHRISTOPHER J. CAMPBELL

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| In Re: <br><br> **BARANKO ENTERPRISE, INC,** <br><br> Debtor. | Case No.: 18-31638 <br><br> Chapter 11 |
| In re: <br><br> **VR KING CONSTRUCTION, LLC,** <br><br> Debtors. | Case No.: 18-31635 <br><br> Chapter 11 |
| In re: <br><br> **VR INVESTMENTS, LLC,** <br><br> Debtors. | Case No.: 18-31637 <br><br> Chapter 11 |

## NOTICE OF HEARING

   **PLEASE TAKE NOTICE** that the above-captioned Debtors, on November 14, 2018 filed with the Court a *Motion of the Debtors-In-Possession for Substantive Consolidation of the Above-Captioned Chapter 11 Cases Pursuant to Section 105(a) of the Bankruptcy Code* (the "Motion") in connection with the above-referenced chapter 11 case.


   **PLEASE TAKE NOTICE** THAT YOUR RIGHTS MAY BE AFFECTED BY THIS MOTION. YOU SHOULD READ THE MOTION CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT WITH ONE.

   **PLEASE TAKE FURTHER NOTICE** that a hearing will be held on the Motion on **November 28, 2018 at 9:30 am (EST)** before the Honorable Laura T. Beyer in Courtroom 1-5

at the United States Bankruptcy Court, Charles R. Jonas Federal Building, 401 W. Trade Street, Charlotte, North Carolina.

**PLEASE TAKE FURTHER NOTICE** that the Court may grant the relief requested in the Motion at said hearing.  No further notice will be given.

Dated:      Charlotte, North Carolina
            November 14, 2018
                        **SODOMA LAW, P.C.**

                        */s/ John C. Woodman*
                        John C. Woodman (NC Bar No. 42365)
                        211 East Blvd.
                        Charlotte, North Carolina 28203
                        (704) 442-0000
                        jwoodman@sodomalaw.com

**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

In Re:

**BARANKO ENTERPRISE, INC,**                    Case No.: 18-31638

    Debtor.

    Chapter 11

In re:

**VR KING CONSTRUCTION, LLC,**                    Case No.: 18-31635

    Debtors.

    Chapter 11

In re:

**VR INVESTMENTS, LLC,**                    Case No.: 18-31637

    Debtors.

    Chapter 11

## CERTIFICATE OF SERVICE

    I hereby certify that on the 14th day of November, 2018, copies of the *Motion of the Debtors-In-Possession for Substantive Consolidation of the Above-Captioned Chapter 11 Cases Pursuant to Section 105(a) of the Bankruptcy Code* and *Notice of Hearing* were served by electronic notification on those parties registered with the United States Bankruptcy Court, Western District of North Carolina ECF system to receive notices for this case and on the parties by first class mail on the parties listed on the attached matrix.

Dated:  Charlotte, North Carolina
November 14, 2018

**SODOMA LAW, P.C.**

*/s/ John C. Woodman*
John C. Woodman (NC Bar No. 42365)
211 East Blvd.
Charlotte, North Carolina 28203
(704) 442-0000
jwoodman@sodomalaw.com

Internal Revenue Service
Centralized Insolvency Operation
PO Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
Teresa Driver
1677 Westbrook Plaza
Winston-Salem, NC 27103

North Carolina Department of Revenue
P.O. Box 871
Raleigh, NC 27602

North Carolina Department of Revenue
301 McCullough Drive
Charlotte, NC 28262

Capital One
15000 Capital One Dr.
Richmond, VA 23238

Carolina Pathology Clinical
c/o Financial Data Systems
1638 Military Cutoff Rd.
Wilmington, NC 28403

Chase
710 S. Ash St., Ste. 200
Glendale, CO 80246

Chase
P. O. Box 24696
Columbus, OH 43224

Chrysler Capital
Attn: Bankruptcy Dept.
P. O. Box 961278
Fort Worth, TX 76161

CHS University Parent Hospital
c/o PMAB, LLC
4135 S. Stream Blvd., Ste. 4
Charlotte, NC 28217

CHS Urgent Care-Eastland
c/o PMAB, LLC
4135 S. Stream Blvd., Ste. 4
Charlotte, NC 28217

City of Charlotte
P. O. Box 1316
Charlotte, NC 28201

CMG Eastland Urgent Care
c/o PMAB, LLC
4135 S. Stream Blvd., Ste. 4
Charlotte, NC 28217

Duke Energy
c/o Online Collections
P. O. Box 1489
Winterville, NC 28590

Duke Vinyl Products, Inc.
304 W. 32nd St.
Charlotte, NC 28206

Fern E. De Jonge, Esq.
7718 Flatlands Ave., 2nd Fl.
Brooklyn, NY 11234

Hazelyn Mills
7329 Boswell Rd.
Charlotte, NC 28215

Home Depot
2455 Paces Ferry Rd.
Atlanta, GA 30339

JPMorgan Chase Bank, N.A.
P. O. Box 47020
Atlanta, GA 30362

Marty E. King
5054 Gatsby Cir.
Rock Hill, SC 29732

Mecklenburg County Tax Collector
Bob Walton Plaza
700 E. Stonewall St.
Charlotte, NC 28202

Mid-Atlantic Emergency Medical
c/o Optimum Outcomes, Inc.
2651 Warrenville Rd.
Downers Grove, IL 60515

Miranda Reid
3054 Chaffey Cir.
Decatur, GA 30034

NY State Dept. of Taxation and Finance
Civil Enforcement Division
W. A. Harriman Campus
Albany, NY 12227

Ocwen
P. O. Box 24738
West Palm Beach, FL 33416

Thais Patricia Moran
6740 Vernedale Glen Dr.
Charlotte, NC 28212

Verol Reid
2556 Brentwood Pl.
Charlotte, NC 28208

Warren Tadlock
4600 Park Road #101
Charlotte, NC 28209

Wells Fargo Card Services Visa
P. O. Box 10347
Des Moines, IA 50306

WGIV 1370 AM
Home Builder
9349 China Grove Ch. Rd.
Pineville, NC 28134

Y2 Yoga
212 S. Tryon St., Ste. 375
Charlotte, NC 28281