FILED & JUDGMENT ENTERED
Steven T. Salata

December 13 2018

Clerk, U.S. Bankruptcy Court
Western District of North Carolina




Laura T. Beyer
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| In re: **VR KING CONSTRUCTION, LLC**, Debtor. | Case No.: 18-31635 Chapter 11 |
|---|---|

**ORDER ON MOTION OF THE DEBTORS-IN-POSSESSION FOR SUBSTANTIVE CONSOLIDATION OF THE ABOVE-CAPTIONED CHAPTER 11 CASES PURSUANT TO SECTION 105(A) OF THE BANKRUPTCY CODE**

This cause came before the Court on November 30, 2018, upon that certain motion entitled *Motion of the Debtors-In-Possession for Substantive Consolidation of the Above-Captioned Chapter 11 Cases Pursuant to Section 105(A) of the Bankruptcy Code* (the "Motion") filed by the above-captioned debtors and debtors in possession VR King Construction, LLC ("King"), VR Investments, LLC ("VR") and Baranko Enterprise, Inc. ("Baranko" and together with King and VR, the "Debtors"). Appearing at the November 28, 2018 hearing held for the Debtors was John C. Woodman, for the principal of the Debtors Vinroy Reid was R. Keith

Johnson and for the Office of the Bankruptcy Administrator for the Western District of North Carolina, Shelley Abel. Due notice of the Motion was provided to the necessary parties in interest. Based upon a review of the record, the contents of the Motion, no objections filed thereto, and statements of Counsel, the Court finds and concludes as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these cases and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief requested herein is Section 105(a) of the Bankruptcy Code.

2. On October 31, 2018 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court. The Debtors continue in possession of their properties and the management of their business as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. The sole owner of each of the Debtors is Vinroy Reid.

4. Vinroy Reid filed for bankruptcy relief under chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of North Carolina. *See* Bankr. W.D.N.C. Case No. 18-31436.

5. The Debtor asserts that substantive consolidation is warranted as (i) VR, King and Baranko have no clear division between each other, (ii) the creditors scheduled were vastly identical for the Debtors, (iii) the affairs of the Debtors are entangled, (iv) there appears to be a lack of books and records pre-petition for the Debtors, and (v) the Debtors otherwise failed to respect corporate formalities in their daily operations.

6. The Debtors anticipate that the creditors who might file proofs of claim in the chapter 11 cases will be identical.

7. In the litigation involving the Debtors and Y2 Yoga Cotswold, LLC (Meck. Co. Case No. 16-CVS-23179), the Debtors stipulated to joint and severally liability for any liability rendered by the jury's verdict. Attached to the Motion as Exhibit A was that certain *Vinroy W. Reid's, VR King Construction, LL's, VR Investments, LLC's, Baranko Enterprise, Inc.'s Stipulation of Joint and Several Liability, if any*.

8. A proposed plan of reorganization for the Debtors likely contemplates the merging of each and every asset and liability of the Debtors such that: (i) all assets and liabilities of the Debtors shall be merged, (ii) no distributions shall be made under the Plan on account of intercompany claims among the Debtors, and (iii) all obligations of the Debtors including any joint and several liability shall be deemed to be one obligation owed by the Debtors.

9. Based upon the foregoing and no objections being filed to the Motion, the substantive consolidation is warranted.

10. "Substantive consolidation usually results in, *inter alia*, pooling the assets of, and claims against, the two entities; satisfying liabilities from the resultant common fund; eliminating inter-company claims; and combining the creditors of the two companies for the purposes of voting on reorganization plans." *In re Augie/Restivo Baking Co., Ltd.*, 860 F.2d 515, 518 (2d Cir. 1988).

11. Certain factors used when determining whether the equities of a particular fact pattern warrant the substantive consolidation of multiple entities in bankruptcy are as follows: (1) the presence or absence of consolidated financial statements; (2) the unity of interest of and ownership between various corporate entities; (3) the existence of parent and intercorporate guarantees on loans; (4) the degree of difficulty in segregating and ascertaining individual assets and liabilities; (5) the existence of transfers of assets without formal observance of corporate

formalities; (6) the commingling of assets; and (7) the profitability of consolidation at a single physical location. *See In re Orfa Corporation of Philadelphia*, 129 B.R. 404, 414–15 (Bankr. E.D.Pa. 1991).

12. The equitable balancing of the facts of these cases, guided by the above factors, weighs in favor of substantive consolidation.

13. The notice of the Motion and hearing thereon was adequate and reasonable under the circumstances of this case.

14. Entry of this Order is in the best interests of all affected parties and is appropriate in these cases.

**THEREFORE, IT IS ORDERED, ADJUDGED and DECREED that:**

1. The Motion is **GRANTED**;

2. The above-captioned chapter 11 cases are hereby substantive consolidated;

3. VR KING CONSTRUCTION, LLC, Case No. 18-31635 shall be the remaining case and all filings associated with the consolidated Debtor shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| In re: | |
| **VR KING CONSTRUCTION, LLC**,[1] | Case No.: 18-31635 |
| Debtor. | Chapter 11 |

1 This matter has been substantive consolidated with the following chapter 11 Debtors: VR Investments, LLC and Baranko Enterprise, Inc.

4. The Debtor shall serve a copy of this Order electronically, facsimile or by first class mail to the creditor's matrix for the consolidated case.

5. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

*This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of this Order.*

*United States Bankruptcy Court*