# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| In re:<br><br>**VR KING CONSTRUCTION, LLC**,[1]<br><br>  Debtor. | Case No.: 18-31635<br><br>Chapter 11 |

## MOTION TO EXTEND (I) TIME TO ASSUME OR REJECT EXECUTORY CONTRACTS PURSUANT TO SECTIONS 105 AND 365 AND (II) THE EXCLUSIVE PERIODS WITHIN WHICH THE DEBTOR MAY FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THERETO PURSUANT TO 11 U.S.C. § 1121

**NOW COMES** VR KING CONSTRUCTION, LLC (the "Debtor"), pursuant to Sections 105 and 365 of the Bankruptcy Code, and hereby seeks the entry of an order extending the time within which the Debtor is required to move to assume certain executory contracts up through and including Wednesday May 29, 2019 and pursuant to Section 1121 of the Bankruptcy Code as well as Rule 9006 of the Federal Rules of Bankruptcy Procedure, and seeks an order enlarging the time within which the Debtor alone may file a Chapter 11 plan and acceptances thereto up through and including Wednesday May 29, 2019 (collectively the "Exclusive Periods"). The undersigned currently has a pending Motion to Withdraw but in the interest of preserving deadlines for the Debtor, the undersigned files the instant Motion for the limited purposes herein. In support of this Motion, the Debtor respectfully submits as follows:

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and this Application in this Court is proper pursuant to 28 U.S.C. § 1408 and 1409. This matter is core proceeding pursuant to 28 U.S.C. §§ 157 (b)(2). The

---

[1] This matter has been substantively consolidated with the following chapter 11 Debtors: VR Investments, LLC 18-31637 and Baranko Enterprise, Inc. 18-31638.

statutory predicates for the relief requested herein are Sections 105, 365 and 1121 of the Bankruptcy Code as well as Bankruptcy Rule 9006.

2. The Debtor continues in possession of its properties and the management of its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

## EXECUTORY CONTRACTS

3. In the ordinary course of business, the substantively consolidated Debtor leases certain real estate (collectively, the "Executory Contracts"). *See In re VR King Construction, LLC*, W.D.N.C. Case No. 18-31635, Schedule G, page 19. *See also In re VR Investments, LLC*, W.D.N.C. Case No. 18-31637, Schedule G, page 18. *See also In re Baranko Enterprises, Inc.,* W.D.N.C. Case No. 18-31638, Schedule G, page 18.

4. The Debtor is aware of the requirements associated with assuming the Executory Contracts in that any pre-petition arrearage would need to be cured as well as complying with all pecuniary and non-pecuniary requirements of executory contracts during its pending bankruptcy. The Debtor is not aware of any cure requirement and was planning on assuming and/or rejecting the executory contracts within any subsequent Chapter 11 Plan of Reorganization.

5. Should the extension requested herein not be granted, the Debtor will suffer unquestionable harm and the potential value in the Executory Contracts.

6. As provided herein, the Debtor respectfully submits that cause exists to extend the section 365 deadline by a period of ninety (90) days up through and including May 29, 2019.

## EXCLUSIVITY PERIOD

7. Pursuant to Bankruptcy Rule 9006 and sections 105 and 1121 of the Bankruptcy Code, the Debtor requests entry of an order enlarging the time: (i) within which only the Debtor

may file a chapter 11 plan up through and including May 29, 2019, and (ii) within which the Debtor may solicit acceptances of a plan up through and including July 29, 2019.

8. Section 1121 provides that after notice and a hearing the Court "may for cause reduce or increase the 120-day period." 11 U.S.C. § 1121(d)(1). Moreover, pursuant to Bankruptcy Rule 9006(b)(1), when an act is required to be completed, the Court may, after a sufficient showing of cause, enlarge a period time within which a party is to act so long as the request is made before the expiration of the period originally prescribed.

9. Consequently, as the time in which the Debtor may exclusively file a plan has not expired, the relief requested herein is timely.

10. An initial Chapter 11 Plan of Reorganization has been drafted but not filed due to the Debtor's desire to terminate the undersigned and retain subsequent counsel, The Lewis Law Firm, P.A.. Consequently, the undersigned files this Motion for the limited purpose to preserve the exclusivity period so that subsequent counsel can properly advise the Debtor.

11. In this case, the Debtor submits that cause exists to extend the Exclusive Periods as, among other things, (i) the Debtor is making good faith progress towards filing a Plan of Reorganization, (ii) there is no potential prejudice to parties in interest, (iii) the request made herein is deemed timely, (iv) extending the Exclusive Periods is in the best interests of the Debtor, its estate and all parties in interest and (v) allows subsequent counsel to review the Debtor's Executory Contracts and file a Chapter 11 Plan of Reorganization.

12. Lastly, no previous extensions or enlargements of time have been sought by the Debtor. Beyond the request made herein, the Debtor does not anticipate making any further requests to enlarge the time in which to assume or reject executory contracts as well as the

enlarging of the Exclusive Period but reserves its right to request additional time should the need arise.

13.    For sake of clarity and out of an abundance of caution, the undersigned currently has a pending Motion to Withdraw but files the instant Motion in the interest of preserving deadlines for the Debtor and does so on the limited basis. Furthermore, the undersigned submitted this Motion to subsequent counsel for his review who had no objection.

**WHEREFORE**, the Debtor respectfully requests that the Court grant the relief requested herein and grant such other and further relief as is just and proper.

Dated: Charlotte, North Carolina
       February 26, 2019

**SODOMA LAW, P.C.**

*/s/ John C. Woodman*
John C. Woodman (NC Bar No. 42365)
211 East Blvd.
Charlotte, North Carolina 28203
(704) 442-0000
jwoodman@sodomalaw.com
*Counsel for the Debtor*