UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Case No.: 18-31635 |
| VR KING CONSTRUCTION, LLC, | ) |
| | ) Chapter 11 |
| Debtor. | ) |

**MOTION OF THE BANKRUPTCY ADMINISTRATOR
TO CONVERT THE DEBTOR'S CASE
TO A CHAPTER 7 CASE, PURSUANT TO 11 U.S.C. § 1112(b)**

The United States Bankruptcy Administrator for the Western District of North Carolina (the "Bankruptcy Administrator") moves the Court for an Order converting the Debtor's chapter 11 case to a chapter 7 case pursuant to 11 U.S.C. § 1112(b). In support thereof, the Bankruptcy Administrator states as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction to hear this matter and grant the relief requested herein pursuant to 28 U.S.C. §§ 1134 and 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The statutory predicated for the relief requested herein are sections 105(a) and 1112(b) of the title 11 of the U.S. Code (the "Bankruptcy Code").

**Procedural Background**

4. VR King Construction, LLC (the "Debtor" or "VR King") initiated this Chapter 11 case, by the filing of a voluntary petition on October 31, 2018 [D.I. 1]. Two other affiliated voluntary petitions were filed for VR Investments, LLC (Case No. 18-31637) ("VR Investments"), and Baranko Enterprises, Inc. (Case No. 18-31638) ("Baranko" and, together with VR Investments, the "Affiliated Debtors"), The Debtor and the Affiliated Debtors were substantively consolidated by order entered on December 13, 2018 [Docket No. 21].

5. On November 1, 2018, a Chapter 11 Operating Order [Docket No. 4] (the "Operating Order") was entered in this case and those of the Affiliated Debtors. The Operating Order provides, in part, that the Debtor(s) timely file Monthly Status Reports ("Reports") and Quarterly Fee Statements and timely pay quarterly fees.

6. The Debtor filed the Reports for the VR King and its Affiliated Debtors for October 31, 2018, through December 12, 2018, on March 1, 2019, and the consolidated Report for December 13 through December 31, 2018, was filed on March 1, 2019, each after their applicable due date.

7. The January Report is past due and remains unfiled as of the date of this Motion.

8. The Debtor paid fourth quarter fees on March 1, 2019, after their due date.

9. On February 21, 2019, Mr. John Woodman filed a motion to withdraw as attorney [D.I. 34], representing to the Court that the Debtor sought to hire new counsel, Mr. Robert Lewis, Jr.  An order was entered approving Mr. Woodman's motion to withdraw on March 7, 2019 [D.I. 55].

10. On February 22, 2019, Y2 Yoga Cotswold, LLC ("Y2") filed its Motion for Order Requiring Turnover, Escrow or Prohibiting Use of Insurance Proceeds Coverage [Docket No. 38].

11. On March 2, 2019, the Debtor filed a Motion to Substitute Counsel seeking to employ Mr. Lewis as substitute counsel for the Debtor [D.I. 51].  As of the date of this Motion, Mr. Lewis has not filed a verified statement disclosing his connections with parties in interest, as required by Rule 2014 of the Federal Rules of Bankruptcy Procedure.  As a result, as of the date hereof, no order has been entered approving the Motion to Substitute Counsel.

## Relief Request and Basis Therefor

12. By this Motion, the Bankruptcy Administrator seeks an order converting this chapter 11 case to a chapter 7 case for cause pursuant to 11 U.S.C. § 1112(b)(1).

13. The Bankruptcy Code provides that "the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause . . . ."  11 U.S.C. § 1112(b)(1).  While the Bankruptcy Code does not explicitly define "cause" for purposes of section 1112(b)(1), section 1112(b)(4) provides a non-exhaustive list of enumerated examples of facts that would constitute cause. *In re Landmark Atl. Hess Farm, LLC*, 448 B.R. 707, 711 (Bankr. D. Md. 2011).

14. Cause to dismiss the Debtor's case includes:

    a. Gross mismanagement of the estate pursuant to 11 U.S.C. § 1112(b)(4)(B).

    b. Failure to comply with an order of the Court pursuant to 11 U.S.C. § 1112(b)(4)(E).

    c. Unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter pursuant to 11 U.S.C. § 1112(b)(4)(F).

15. The Debtor's Reports show gross mismanagement of the Debtor's assets as follows:

      a.    The VR Investments Report for the period October 31, 2018, through December 12, 2018 [Case No. 18-31637, Docket No. 23], shows the following transactions for the account ending -9671 that are, upon information and belief, unrelated to VR Investment's business:

| Date | Amount | Description |
|---|---|---|
| 11/29/18 | $125.02 | Restaurant Depot |
| 11/29/18 | $104.10 | Wal-Mart |
| 11/29/18 | $358.00 | Wal-Mart |
| 12/3/18 | $67.61 | Quiktrip Anderson SC |
| 12/3/18 | $240.00 | Scottish Inn Decatur GA |
| 12/3/18 | $70.08 | The Home Depot Decatur GA |
| 12/3/18 | $190.61 | The Home Depot Decatur GA |
| 12/3/18 | $902.08 | Chase Home Finance loan payment |
| 12/4/18 | $809.89 | L and W Supply 356 Atlanta GA |
| 12/6/18 | $25.01 | Shell Service Commerce GA |
| 12/7/18 | $12.88 | 7-Eleven Charlotte NC |
| 12/10/18 | $71.86 | Wal-Mart Charlotte NC |
| 12/11/18 | $75.27 | ExxonMobil Charlotte NC |
| 12/11/18 | $37.20 | Fox and Hound |
| 12/11/18 | $193.05 | Atlantech |
| 12/12/18 | $369.07 | Restaurant Depot |
| 12/12/18 | $159.99 | Scottish Inn Decatur GA |
| 12/12/18 | $653.40 | Mr. VS Restaurant |
| Total | $4,465.12 | |

Upon information and belief, the above-listed transactions, and perhaps additional transactions shown in the VR Investment Report but not listed above, relate to personal expenditures of Mr. Reid for living expenses and/or relating to his efforts to establish a new restaurant business in Georgia. All of the listed transactions are unauthorized postpetition transactions.

      b.    The Baranko Report for the period October 31, 2018, through December 12, 2018 [Case No. 18-31638, Docket No. 23], shows a deposited item returned, along with an associated fee, that suggests, upon information and belief, Baranko's $500 deposit to open its debtor-in-possession bank account was made by check drawn against insufficient funds.

      c.    The VR King Report for the period October 31, 2018, through December 12, 2018 [Docket No. 47], shows an over-the-counter cash withdrawal from the account ending -5024 in the amount of $5,000.00 on December 4, 2018. The Report's cash disbursements page describes this withdrawal as salaries/wages. Upon information and belief, if this withdrawal can properly be considered salary, the Debtor has failed to withhold and remit payroll taxes and estimated income tax as required by law. Alternatively, this withdrawal should be considered a distribution to the holder of the Debtor's equity interests, which is an unauthorized postpetition transaction.

      d.    The bank account statement for the account ending in -9671 attached to the VR King Report for the period December 13, 2018, through December 31, 2018 [Docket

No. 48], shows the following transactions that are, upon information and belief, unrelated to VR King's business:

| Date | Amount | Description |
| --- | --- | --- |
| 12/13/18 | $30.09 | Home Depot Decatur GA |
| 12/13/18 | $92.82 | Home Depot Decatur GA |
| 12/13/18 | $83.98 | Home Depot Decatur GA |
| 12/13/18 | $106.59 | Kroger Decatur GA |
| 12/13/18 | $53.47 | Home Depot Decatur GA |
| 12/13/18 | $90.53 | Kroger Decatur GA |
| 12/14/18 | $57.38 | Home Depot Decatur GA |
| 12/14/18 | $531.90 | Ferguson Ent Atlanta GA |
| 12/14/18 | $47.13 | Home Depot Decatur GA |
| 12/14/18 | $70.19 | Autozone Decatur GA |
| 12/17/18 | $68.00 | Scottish Inn Decatur GA |
| 12/17/18 | $58.85 | Gordon Spice Jamaican Decatur GA |
| 12/17/18 | $68.00 | Scottish Inn Decatur GA |
| 12/17/18 | $21.59 | Kroger Decatur GA |
| 12/17/18 | $50.00 | Cricket Wireless |
| 12/17/18 | $135.30 | Home Depot Decatur GA |
| 12/17/18 | $78.45 | Home Depot Decatur GA |
| 12/17/18 | $46.31 | 7-Eleven Charlotte NC |
| 12/17/18 | $21.45 | Wiki Wiki Car Wash |
| 12/17/18 | $8.57 | Autozone |
| 12/18/18 | $34.64 | King of Spicy Charlotte NC |
| 12/18/18 | $5.35 | Advance Auto Parts |
| 12/18/18 | $50.93 | Food Lion Charlotte NC |
| 12/19/18 | $159.73 | Hendrick Motors of Charlotte |
| 12/20/18 | $70.00 | American |
| 12/21/18 | $73.15 | Shell Service |
| 12/21/18 | $16.08 | CVS Pharmacy |
| 12/24/18 | $36.66 | Midwood Smokehouse |
| Total | $2,167.14 | |

Upon information and belief, the above-listed transactions, and perhaps additional transactions shown in the VR Investment Report but not listed above, relate to personal expenditures of Mr. Reid and/or his efforts to establish a new restaurant business in Georgia, all of which are unauthorized postpetition transactions.

      e.     The bank account statement for the account ending in -5024 attached to VR King's Report for the period December 13, 2018, through December 31, 2018 [Docket No. 48] shows over-the-counter cash withdrawals in the amount of $2,616.00 on December 20, 2018, and in the amount of $7,074.68 on December 28, 2018.[1] The Report's cash disbursements page describes the first of these withdrawals as salaries/wages. Upon information and belief, if this withdrawal can properly be considered salary, the Debtor has

---

[1] The report also shows a December 20, 2018, withdrawal of $2,600.00 that is re-deposited on the same date.

failed to withhold payroll taxes and estimated income tax as required by law. Alternatively, this withdrawal can be considered a distribution to the holder of the Debtor's equity interests, which is an unauthorized postpetition transaction avoidable under 11 U.S.C. § 549. The Report's cash disbursement page describes the second of these withdrawals as an insurance payment. The undersigned was informed by Mr. Woodman that those funds were paid to Walker Insurance Co. for insurance premiums. As of the date hereof, the undersigned has been unsuccessful in attempts to verify this information.

16. The Debtor and its Affiliated Debtors admitted to failing to observe corporate formalities and maintain appropriate books and records on a prepetition basis in the Motion of the Debtors-in-Possession for Substantive Consolidation of the Above-Captioned Chapter 11 Cases Pursuant to Section 105(a) of the Bankruptcy Code, filed on November 14, 2018 [D.I. 12]. The issues identified in this Motion indicate that these failures continue on a post-petition basis.

17. These transactions do not represent de minimis errors in management of the Debtor's affairs. These transactions make up the majority of the Debtor's transactions in both number and amount.

18. A debtor-in-possession is vested with significant powers under the provision of the Bankruptcy Code. As is often the case, those powers come with certain responsibilities. Significantly, a debtor-in-possession owes a fiduciary duty to its creditors. *Kremen v. Harford Mut. Ins. Co. (In re J.T.R. Corp.)*, 958 F.2d 602, 605 (4th Cir. 1992). The Debtor has failed to observe its fiduciary duties to creditors of the Debtor's estate.

19. The Reports and quarterly fee statement were not timely filed, in violation of the requirements of the Operating Order, the Bankruptcy Code, and 28 U.S.C. § 1930.

20. The Bankruptcy Administrator reserves the right to amend this Motion prior to the date scheduled for hearing.

Wherefore, the undersigned moves the Court to convert the Debtor's chapter 11 case to a Chapter 7 case and for such other and further relief as the Court deems just and proper.

Dated: March 15, 2019.

>/s/ Shelley K. Abel
>Shelley K. Abel
>United States Bankruptcy Administrator
>402 W. Trade Street, Suite 200
>Charlotte, NC  28202-1669
>N.C. Bar #34370
>Tel: (704) 350-7587   Fax: (704) 344-6666
>shelley_abel@ncwba.uscourts.gov

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Case No.:    18-31635 |
| VR KING CONSTRUCTION, LLC, | ) |
| | ) Chapter 11 |
| | ) |
| Debtor. | ) |

## CERTIFICATE OF SERVICE

The undersigned certifies that the pleading(s) or papers(s) to which this Certificate is affixed was served upon the party(s) to this action listed below by depositing a copy of the same, enclosed in a first-class postpaid, properly addressed wrapper, in a Post Office or official depository under the exclusive care and custody of the United States Postal Service and/or by means of the Electronic Filing System of the Bankruptcy Court on or before March 15, 2019.

VR King Construction, LLC
626 Char-Meck Lane
Charlotte, NC 28205

Robert Lewis, Jr.
- *Served Electronically*

James H. Henderson
- *Served Electronically*

/s/ Shelley K. Abel
Shelley K. Abel
United States Bankruptcy Administrator
402 W. Trade Street, Suite 200
Charlotte, NC  28202-1669
N.C. Bar #34370
Tel:  (704) 350-7587   Fax:  (704) 344-6666
shelley_abel@ncwba.uscourts.gov