UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Case No.:   18-31635 |
| VR KING CONSTRUCTION, LLC,[1] | ) |
| | ) Chapter 11 |
| | ) |
| Debtor. | ) |

**RESPONSE IN OPPOSITION TO MOTION REQUESTING RECONSIDERATION OF ORDER GRANTING MOTIONS CONVERT CASE TO CHAPTER 7 AND DENYING MOTION FOR ORDER REQUIRING TURNOVER, ESCROW OR PROHIBITING USE OF INSURANCE PROCEEDS COVERAGE**

Now comes the United States Bankruptcy Administrator for the Western District of North Carolina (the "Bankruptcy Administrator") and responds in opposition to the Motion Requesting Reconsideration of Order Granting Motions to Convert Case to Chapter 7 and Denying Motion for Order Requiring Turnover, Escrow or Prohibiting Use of Insurance Proceeds [Docket No. 125] ("Debtor's Motion") and says:

1. This is a chapter 11 case in which voluntary petitions were filed on October 31, 2018. John C. Woodman ("Woodman") represented the Debtors when the cases were filed. These cases were substantively consolidated by order entered on December 13, 2018 [Docket No. 22].

2. On September 21, 2018, Vinroy W. Reid ("Reid") filed a voluntary petition under Chapter 13, which is pending in this Court as Case No. 18-31436. R. Keith Johnson ("Johnson") represented Reid when his Chapter 13 case was filed.

3. Vinroy Reid ("Reid") is the sole owner of the Debtor.

4. On February 22, 2019, Y2 Yoga Cotswold, LLC, filed a Motion to Convert Consolidated Debtors to Chapter 7; Motion for Order Requiring Turnover, Escrow or Prohibiting Use of Insurance Proceeds Coverage [Docket No. 38] ("Y2 Motion").

5. On March 15, 2019, the Bankruptcy Administrator filed a Motion to Convert Case from Chapter 11 to Chapter 7 [Docket No. 59] ("BA Motion" and together with the Y2 Motion, the "Motions to Convert").

6. Hearings on the Motions to Convert were held on March 27, April 1, and April 2, 2019. Reid, Johnson, Woodman, and David Guidry, Esq. ("Guidry") testified at these hearings.

---

[1] This case has been substantively consolidated with the following chapter 11 debtors: VR Investments, LLC, Case No. 18-31637, and Baranko Enterprises, Inc., Case No. 18-31638.

7. On April 11, 2019, the Court entered its Order Granting Motions to Convert Case to Chapter 7 and Denying Motion for Order Requiring Turnover, Escrow or Prohibiting Use of Insurance Proceeds Coverage [Docket No. 115] ("Conversion Order").

8. The Debtor's Motion references and attempts to recast Reid's, Johnson's, Woodman's, and Guidry's testimony and again seeks to lay blame on Johnson and Woodman, as Reid did in his testimony at the hearings on the Motions to Convert. However, the Court in the Conversion Order at paragraph 23 found Reid's testimony regarding Johnson's and Woodman's failure to have complied with the Local Rules in all respects "merely an effort to shift the blame to third parties." The Court, having already heard this evidence and reached a conclusion, should not be asked to hear it again.

9. The Debtor's Motion includes affidavits of Christopher J. Campbell ("Campbell") and Michael D. Umberger ("Umberger"), attorneys who represented the Debtor and/or Reid in state court actions. The affidavits are another attempt to lay blame on Johnson and Woodman. However, the Debtor did not call Campbell or Umberger as witnesses at the hearings held on the Y2 Motions and the BA's Motion despite having the opportunity to do so over the course of three days of hearings.

10. The Debtor's Motion seeks relief under Rules 59 and 60 of the Federal Rules of Civil Procedure made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 9023 and 9024, respectively. The Debtor's Motion contains nothing that has not already been presented to the Court or that could have been presented to the Court as required by Federal Rules of Bankruptcy Procedure 9023, 9024 and Federal Rules of Civil Procedure 59 and 60.

11. A Rule 59 motion is discretionary. Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 411 (4th Cir. 2010).

12. The United States District Court for the Western District of North Carolina articulated the standard for motions under Rule 59 and stated that they "may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment." McKinney v. Colvin, 2013 WL 1320788 (W.D.N.C. 2013).

13. Citing the Fourth Circuit's decision in TFWS, Inc. v. Franchot, 572 F.3d 186, 194 (4th Cir. 2009), the Court added: "A prior decision does not qualify for [reconsideration pursuant to rule 59(e)] by being just maybe or probably wrong; it must . . . strike us with the force of a five-week-old, unrefrigerated dead fish . . . That is, the decision must be "**dead wrong**." [Emphasis in original.] Id.

14. Judge Leonard also summarized the standard under Rule 59 in In re Sea Horse Realty & Const., Inc., 10-06021-8-JRL, 2013 WL 1856265 (Bankr. E.D.N.C. May 2, 2013): "Rule 59(e) of the Federal Rules of Bankruptcy Procedure, made applicable to bankruptcy proceedings by Rule 9023 of the Federal Rules of Bankruptcy Procedure, permits reconsideration of a prior order or judgment under certain circumstances. Fed.R.Civ.P. 59(e); Fed.R.Bankr.P. 9023. The Fourth Circuit, in Mayfield v. Nat'l Ass'n for Stock Car Racing, stated that the *three* grounds for reconsideration under Fed.R.Civ.P 59(e) are: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clerical error of law or prevent manifest injustice." 674

F.3d 369, 377-78 (4th Cir. 2012) (quoting Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007)); *accord* Ingle v. Yelton, 439 F.3d 191, 197 (4th Cir. 2006).

15.    A motion for reconsideration "gives the … court a chance to correct its own mistake if it believes one had been made." Zinkand, 478 F.3d at 637 (citing Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)).

16.    Although the rule permits a court to correct its own errors, a party may not "raise arguments which could have been raised prior to the issuance of the judgment, nor may [it] be used to argue a case under a novel theory that the party had the ability to address in the first instance." Pacific Insurance, 148 F.3d at 403 (citations omitted).

17.    Judge Whitley articulated the standard under Rule 60 in In re Hagood Reserve, LLC, 10-30725, 2010 WL 50674444 (Bankr. W.D.N.C. Dec. 7, 2010). He wrote that relief is limited to situations involving "extraordinary circumstances." Powell v. State Farm Fire and Cas. Auto Ins. Co., 993 F.2d, 48, 48 (4th Circ.1993). In order "[f]or a movant's case to succeed, the material offered in support of his Rule 60(b)(6) motion must be highly convincing."

18.    The Debtor's Motion simply fails to meet the standards required for reconsideration under either Rule 59 or Rule 60. As a result, the Court should deny the Debtor's Motion.

19.    The Bankruptcy Administrator reserves the right to amend this Response prior to the date scheduled for hearing.

Wherefore, the undersigned prays that the Court deny the Debtor's Motion and for such other and further relief as the Court deems just and proper.

Dated: May 17, 2019.

/s/ Shelley K. Abel
Shelley K. Abel
United States Bankruptcy Administrator
402 W. Trade Street, Suite 200
Charlotte, NC 28202-1669
N.C. Bar #34370
Tel: (704) 350-7587 Fax: (704) 344-6666
shelley_abel@ncwba.uscourts.gov