**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| In Re: ) | |
| ) | Case No. 18-31635 |
| VR KING CONSTRUCTION, LLC, ) | Chapter 7 |
| et. al., ) | |
| ) | |
| Debtors. | |

**OBJECTION TO MOTION REQUESTING RECONSIDERATION OF ORDER GRANTING MOTIONS TO CONVERT CASE TO CHAPTER 7 AND DENYING MOTION FOR ORDER REQUIRING TURNOVER, ESCROW OR PROHIBITING USE OF INSURANCE PROCEEDS COVERAGE [Doc. No. 125]**

Y2 Yoga Cotswold, LLC ("Y2") objects to the Debtors' Motion Requesting Reconsideration of Order Granting Motions to Convert Case to Chapter 7 and Denying Motion for Order Requiring Turnover, Escrow or Prohibiting Use of Insurance Proceeds Coverage (the "Motion").

### Introduction

The precise legal basis for the Motion is unclear. It is the Debtors' burden to establish that there is a basis for the relief sought, and that burden has clearly not been met. Because the Motion is vague, particularly with respect to the subparts of Rules 59 and 60 which are allegedly applicable.[1] The Debtors are putting the Court and parties in interest in a position of making a time consuming and inefficient analysis of the Motion under each potential basis...which amounts to a trial-and-error test of the possible grounds for relief. As a result, the proper authority for "reconsideration" remains uncertain. It is not "reconsideration" (as here) to present the same arguments to the same court and expect a different outcome; it is not "reconsideration" (as here) when a litigant thinks a court reached the wrong conclusion and would like a second opinion, as there is another word for that, and it is called an "appeal."

### Clarification of Facts alleged by Debtors in support of Motion for Reconsideration

The Motion states in part that "[a]s a result of Mr. Umbergers and Mr. Campbell's testimony it seems that Mr. Woodman and Mr. Johnson may have committed a fraud upon the court as

---

[1] The Motion states in part that: 1) the "Debtors believe that pursuant to Bankruptcy Rule 9024 and Rule 60 of the Federal Rules of Civil Procedure their Motion For Reconsideration falls under the any other reasons justifying relief from the Court exception…", and 2) "The Debtor believes that the Court has the power under §105 of the Bankruptcy Code to set aside the Order based upon the Court's equitable powers and the impending irreparable harm the Debtors, may suffer as a result of Debtors' counsel's misleading statements to the Court." However, the Motion does not provide any legal support for the Debtors' beliefs.

enumerated in Rule 60 of the Federal Rules of Civil Procedure which the Debtors believe is grounds to provide them with a new trial and or provide relief from the Order." The Debtors' Motion incorrectly characterizes the affidavits as "testimony", which they are not. *Neither Mr. Umberger nor Mr. Campbell have testified in this proceedings, and their affidavits are inadmissible hearsay.*

## Argument

1. Y2 adopts the facts and arguments of the United States Bankruptcy Court Administrator contained in the Response in Opposition [Doc. No. 143].

2. There is no support shown for the allegation in Paragraph 47 of the Motion that the former attorneys for Vinroy Reid ("Reid") and the Debtors "…may have committed a fraud upon the court [sic] as enumerated in Rule 60… which the Debtors believe is grounds to provide them with a new trial and or provide relief from the Order."

3. There is no support shown for the allegation in Paragraph 49 of the Motion that "…the Court has the power under §105 of the Bankruptcy Code to set aside the Order based upon the Court's equitable powers and the impending irreparable harm the Debtors, may suffer as a result of Debtors' counsel's misleading statements to the Court."

4. Of 54 paragraphs in the Motion, 38 relate to alleged actions, inactions or failures by John Woodman or Keith Johnson, or Reid's testimony concerning what documents were or were not reviewed or signed by him. An additional 7 paragraphs relate to affidavits of Campbell and Umberger dated April 24, 2019, which the Debtors are attempting to use to rebut the testimony of Woodman and Johnson. Although the Motion uses language inferring that these affidavits have previously seen the light of day (i.e. "...Campbell…provided an affidavit..", Paragraph 40 of the Motion), the two affidavits were executed after the hearings on the Motion to Convert. Several remaining paragraphs relate to the Debtors' argument that the Court should not have allowed attorney David Guidry to testify, which is not relevant to the Rule 60(b) analysis.

5. The crux of the Debtors' argument appears to be that alleged actions or inactions of former counsel for Reid and the Debtors provides grounds for reconsideration of the conversion order.

## Rule 60(b) Standards for Granting Motions to Reconsider

6. Federal Rule of Civil Procedure 60(b) provides:

*(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:*
 *(1) mistake, inadvertence, surprise, or excusable neglect;*
 *(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);*
 *(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;*
 *(4) the judgment is void;*

> *(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or*
> *(6) any other reason that justifies relief.*

7.  To prevail on a motion under Rule 60(b), "a party must demonstrate (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, ___ F.3d ___, 2017 WL 2507729, at 2 (4th Cir. June 12, 2017).

8.  In order to obtain relief under Rule 60(b)(6), the moving party initially must show (1) timeliness, (2) a meritorious claim or defense, (3) lack of prejudice to the opposing party, and (4) exceptional circumstances. *See, e.g., Heyman v. M.L. Mktg. Co.*, 116 F.3d 91, 94 n. 3 (4th Cir. 1997); *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993); *Dowell v. State Farm Fire Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993); *see also Ackermann v. United States*, 340 U.S. 193, 199 (1950). If these threshold requirements are met, the court examines whether "any other reason . . . justifies relief" under Rule 60(b)(6). *See Dowell*, 993 F.2d at 48.

9.  The Motion does not show how the threshold requirements are met. If the Debtors successfully show the Court at hearing that they have crossed the initial threshold, they must then satisfy one of the six specific sections of rule 60(b). *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984). The Debtors are likewise unable to satisfy any of those sections.

10. Rule 60(b) "...does not authorize a motion merely for reconsideration of a legal issue." *United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982). "Where the motion is nothing more than a request that the district court change its mind . . . it is not authorized by Rule 60(b)." *Id.* at 313. And, "'[i]t is a well settled principle of law that a Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal.'" *Wells Fargo*, 2017 WL 2507729, at 3 (*citing Dowell v. State Farm Fire and Cas. Auto Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)) (alteration added).

11. Reconsideration is "an extraordinary remedy which should be used sparingly, and a motion for reconsideration is not intended to allow a party to relitigate matters the court has previously heard." *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). Relief pursuant to Rule 60(b)(6) may only be granted under extraordinary or exceptional circumstances. *Grace v. Bank Leumi Trust Co.*, 443 F.3d 180, 190 n. 8 (2d Cir. 2006); *DeWeerth v. Baldinger*, 38 F.3d 1266, 1272 (2d. Cir. 1994); *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d. Circ. 1986).

12. Subsection (b)(6) is properly invoked only when the "asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule." *In re Calpine Corp.*, 363 B.R. 709, 711 (Bankr. S.D.N.Y. 2007). The grounds for Rule 60(b)(6) relief are distinct from the grounds for the first five provisions; by definition, a set of circumstances qualifying for, say, the excusable neglect provision of Rule 60(b)(1) could not qualify for Rule 60(b)(6) relief. *See* 12 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE 60.48[2] (3d ed. 2004); *Darden v. Dandridge*, 1991 U.S. Dist. LEXIS 12667, at 6 (D. D.C. June 13, 1991). To read Rule 60(b)(6) as not being distinct would dramatically undercut the efficacy of the first five. *See* MOORE, supra, § 60.48[2]. As one court

succinctly stated, "clause (6) may not be used as a vehicle for circumventing clauses (1) through (5)." *Id.* at n.5 (citations omitted).

### An attorney's alleged actions or inactions are not the basis for Rule 60(b) relief

13. "[T]he United States Court of Appeals for the Fourth Circuit has stated that "a lawyer's ignorance or carelessness do [sic] not present cognizable grounds for relief under [Rule] 60(b)." *Evans v. United Life & Accident Ins. Co.*, 871 F.2d 466, 472 (4th Cir. 1989)

14. In *In re Virginia Information Systems Corp. v. Wang Laboratories, Inc.*, 932 F.2d 338, 342 (4th Cir. 1991), the Fourth Circuit held that "…'poor lawyering' by …counsel cannot properly ground [a] Rule 60(b) motion." The Debtors' arguments concerning its former counsel does not present "extraordinary circumstances" beyond the Debtors' control because the Debtors' are chargeable with counsel's conduct. Under this circuit's precedent, a client is ordinarily chargeable with his counsel's negligent acts.

15. Clients are "considered to have notice of all facts known to their lawyer-agent." *Ringgold Corp. v. Worrall*, 880 F.2d 1138, 1141-42 (9th Cir.1989). Because the client is presumed to have voluntarily chosen the lawyer as his representative and agent, he ordinarily cannot later avoid accountability for negligent acts or omissions of his counsel. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Dickerson v.. Bd. of Educ. of Ford Heights*, 32 F.3d 1114, 1118 (7th Cir.1994) (stating that "counsel's negligence, whether gross or otherwise, is never a ground for Rule 60(b) relief"); *Heim v. Commissioner*, 872 F.2d 245, 248 (8th Cir.1989) (stating in context of tax case that, even if regular Rule 60(b) standards applied, that "any errors committed by [counsel], even accepting the designation of gross negligence, do not constitute an adequate showing of `exceptional circumstances'" and distinguishing cases which did grant relief for attorney negligence as cases in which client was left virtually unrepresented).

16. The Debtors attempt to argue that 11 U.S.C. § 105 is and additional basis to reconsider the conversion, and state that the Debtors will be "irreparably harmed". Irreparable harm is not a factor in the Rule 60(b) analysis. Even if it was, a corporate debtor is not "irreparably harmed" by paying its debts in accordance with the Bankruptcy Code. These would have to be liquidating Chapter 11 cases to be confirmed, and treatment of creditors' allowed claims would be virtually the same in 11 or 7.

WHEREFORE, the Debtors' Motion for Reconsideration should be denied.

This 20th day of May, 2019.

                                                **THE HENDERSON LAW FIRM**

                                                /s/James H. Henderson
                                                James H. Henderson
                                                State Bar No. 13536
                                                1120 Greenwood Cliff
                                                Charlotte NC 28204
                                                Telephone:    704.333.3444
                                                Email:            henderson@title11.com

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| VR KING CONSTRUCTION, LLC,[1] | ) | Case No. 18-31635 |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

This is to certify that the undersigned has this day served the attached **OBJECTION TO MOTION REQUESTING RECONSIDERATION OF ORDER GRANTING MOTIONS TO CONVERT CASE TO CHAPTER 7 AND DENYING MOTION FOR ORDER REQUIRING TURNOVER, ESCROW OR PROHIBITING USE OF INSURANCE PROCEEDS COVERAGE [Doc. No. 125]** via ECF to all parties or their attorney of record requesting notice and to the following:

U. S. Bankruptcy Administrator
alexandria_p_kenny@ncwba.uscourts.gov

Robert Lewis Jr.
rlewis@thelewislawfirm.com

A. Burton Shuford, Trustee
bshuford@abshuford.com

This 20th day of May, 2019.

THE HENDERSON LAW FIRM

/s/James H. Henderson
James H. Henderson
State Bar No. 13536
1120 Greenwood Cliff
Charlotte NC 28204
Telephone:    704.333.3444
Email:    henderson@title11.com