UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE:<br><br>VR KING CONSTRUCTION, LLC, *et al.,* [1]<br><br>Debtor | Case No. 18-31635-LTB<br>Chapter 7 |

MOTION TO SELL REAL ESTATE AT PRIVATE SALE OUTSIDE
OF THE ORDINARY COURSE OF BUSINESS FREE AND CLEAR OF LIENS AND
INTERESTS PURSUANT TO 11 U.S.C. §363

      NOW COMES the Trustee, A. Burton Shuford, by and through his undersigned attorney, and moves this Court for authority to sell certain real property owned by Baranko Enterprise Inc.[1] (the "Debtor"), having a property address of **1205 Allen St., Charlotte, North Carolina, 28205 (Mecklenburg County)** (the "Real Property"), out of the ordinary course of business, free and clear of liens and interests, as set forth herein. In support thereof, he respectfully shows unto the Court the following:

1.    The Debtor filed a petition under Chapter 11 of the United States Bankruptcy Code with the Bankruptcy Court for the Western District of North Carolina on October 31, 2018. On April 11, 2019, the case was converted to Chapter 7 and A. Burton Shuford was appointed trustee in said Chapter 7 case.

2.    The Debtor, as of the commencement of this case, was the owner of the Real Property.

3.    The Real Property is subject to a certain judgment in favor of Y-2 Yoga Cotswold, LLC ("Y-2 Yoga"), entered in the case styled: Y-2 Yoga Cotswold, LLC v. Vinroy W. Reid, et al., 16-CVS-23179, filed on February 8, 2019 in the office of the Clerk of Superior Court for Mecklenburg County, NC in the original principal amount of $396,649.57 (the "Judgment").

4.    The Trustee has entered into an Offer to Purchase and Contract (the "Contract") whereby he has agreed to sell the Real Property to Dogwood Property Development, LC (the "Buyer") for a total purchase price of $195,000.00 (the "Purchase Price"). A copy of the Contract is attached hereto as Exhibit "A".

5.    Pursuant to the terms of the sale and the Exclusive Right to Sell Listing Agreement entered into with Teresa Wilson of One to One Realty which has been approved by the Court the estate is obligated to pay a real estate commission to Teresa Wilson equal to six (6%) percent of $195,000.00, the gross sales price of the Real Property.

---

1 This case has been substantively consolidated with the following cases: VR Investments, LLC 18-31637 and Baranko Enterprise, Inc. 18-31638.

6.     The Trustee requests authority to pay from the proceeds of the Real Property at the closing, Deed tax stamps; prorated 2019 ad valorem taxes; and any other costs necessary to deliver marketable title.

7.     The Trustee also requests that he be allowed to make concessions to the Buyer or pay other costs, repairs or other items necessary to close the sale of the Real Property which are unknown at the time of the filing of this motion to sell (the "Unknown Costs"), without further order of this Court, provided the unknown costs total less than One percent (1%) of the total sales price of the Real Property.

8.     Section 363 (b) of the Bankruptcy Code provides that a trustee "may use, sell, or lease, other than in the ordinary course of business, property of the estate." See 11 U.S.C. § 363(b).  Section 363(f) of the Bankruptcy Code provides that a trustee may sell property under section 363(b) free and clear of any interest in such property of an entity other than the estate if, among other reasons, the entity consents. See 11 U.S.C. § 363(f) (2).  Y-2 Yoga has indicated, through its counsel James H. Henderson, that it has no objection to the relief requested in this Motion.

9.     That the Buyer is a good faith buyer pursuant to 11 U.S.C. § 363(h).

10.     The Trustee believes that the proposed sale is in the best interest of this estate and its creditors.

WHEREFORE, the Trustee prays that the Court enter an order as follows:

1.     Approving the sale proposed by the Trustee and authorizing the Trustee to execute a deed and other documents necessary to close the sale;

2.     Providing that the sale of the Real Property be free and clear of all liens and interests, with the liens and interests to attach to the proceeds of the sale in the same order and priority as they attached to the Real Property;

3.     Authorizing the Trustee to pay the ordinary and usual closing costs, including Deed tax stamps; prorated 2019 ad valorem taxes; and any other costs necessary to deliver marketable title;

4.     Authorizing the Trustee to make concessions to the Buyer or pay the Unknown Costs, without further order of this Court, provided the unknown costs total less than One percent (1%) of the total sales price of the Real Property;

5.     Approving the real estate commission of Teresa Wilson of One to One Realty and authorizing the Trustee to pay real estate commissions to Teresa Wilson in the amount of $11,700.00 at the closing of the sale of the Real Property;

6.     Finding that the Buyer is a good faith buyer pursuant to 11 U.S.C. § 363(h); and,

7.    Providing that the Order approving this sale shall be immediately effective and that the provisions of Bankruptcy Rule 6004(g) staying the order allowing this sale for fourteen days shall not apply to this transaction.

This the 20th day of June, 2019.

/s/ A. Burton Shuford
A. Burton Shuford, NCBN 10035
Attorney for the Trustee
4700 Lebanon Road, Suite A-2
Direct Dial: (980) 321-7000
bshuford@abshuford.com

DigiSign Verified: 39604366-AF50-4C38-972F-5A06DBA79642
DigiSign Verified: 74117EF4-563D-469B-82A6-D82A3F4F9094

## OFFER TO PURCHASE AND CONTRACT
[Consult "Guidelines" (Form 2G) for guidance in completing this form]

For valuable consideration, the receipt and legal sufficiency of which are hereby acknowledged, Buyer offers to purchase and Seller upon acceptance agrees to sell and convey the Property on the terms and conditions of this Offer To Purchase and Contract and any addendum or modification made in accordance with its terms (together the "Contract").

1. **TERMS AND DEFINITIONS:** The terms listed below shall have the respective meaning given them as set forth adjacent to each term.

   (a) **"Seller":** A. Burton Shurford, Trustee for ~~Beranko Enterprises, Inc.~~   VR King Construction, LLC

   (b) **"Buyer":** Dogwood Property Development, LLC

   (c) **"Property":** The Property shall include all that real estate described below together with all appurtenances thereto including the improvements located thereon and the fixtures and personal property listed in Paragraphs 2 and 3 below.

   | NOTE: If the Property will include a manufactured (mobile) home(s), Buyer and Seller should consider including the Manufactured (Mobile) Home provision in the Additional Provisions Addendum (Standard Form 2A11-T) with this offer. |
   | --- |

   Street Address: 1205 Allen St
   City: Charlotte   Zip: 28205
   County: Mecklenburg , North Carolina

   | NOTE: Governmental authority over taxes, zoning, school districts, utilities and mail delivery may differ from address shown. |
   | --- |

   Legal Description: (Complete *ALL* applicable)
   Plat Reference: Lot/Unit 9 , Block/Section 2 , Subdivision/Condominium Belmont Spgs
   , as shown on Plat Book/Slide at Page(s)
   The PIN/PID or other identification number of the Property is: 081-134-04
   Other description: P9 B2 M112-8
   Some or all of the Property may be described in Deed Book 18114 at Page 830

   (d) **"Purchase Price":**

   | $ | 195,000.00 | paid in U.S. Dollars upon the following terms: |
   |---|---|---|
   | $ | ~~500.00~~ | BY DUE DILIGENCE FEE made payable and delivered to Seller by the Effective Date. |
   | $ | 2,000.00 | BY INITIAL EARNEST MONEY DEPOSIT made payable and delivered to Escrow Agent named in Paragraph 1(f) by ☐ cash ☒ personal check ☐ official bank check ☐ wire transfer, ☐ electronic transfer, EITHER ☐ with this offer OR ☒ within five (5) days of the Effective Date of this Contract. |
   | $ | | BY (ADDITIONAL) EARNEST MONEY DEPOSIT made payable and delivered to Escrow Agent named in Paragraph 1(f) by cash, official bank check, wire transfer or electronic transfer no later than 5 p.m. on _____ , *TIME BEING OF THE ESSENCE.* |
   | $ | | BY ASSUMPTION of the unpaid principal balance and all obligations of Seller on the existing loan(s) secured by a deed of trust on the Property in accordance with the attached Loan Assumption Addendum (Standard Form 2A6-T). |
   | $ | | BY SELLER FINANCING in accordance with the attached Seller Financing Addendum (Standard Form 2A5-T). |
   | $ | | BY BUILDING DEPOSIT in accordance with the attached New Construction Addendum (Standard Form 2A3-T). |
   | $ | 192,500.00 ~~493,000.00~~ | BALANCE of the Purchase Price in cash at Settlement (some or all of which may be paid with the proceeds of a new loan). |

Should Buyer fail to deliver either the Due Diligence Fee or any Initial Earnest Money Deposit by their due dates, or should any check or other funds paid by Buyer be dishonored, for any reason, by the institution upon which the payment is drawn, Buyer shall

Page 1 of 13

This form jointly approved by:
North Carolina Bar Association
North Carolina Association of REALTORS®, Inc.

Buyer initials SU   NV   Seller initials

STANDARD FORM 2-T
Revised 7/2018
© 7/2018

*Exhibit A*

Case 18-31635   Doc 164   Filed 06/20/19   Entered 06/20/19 15:11:55   Desc Main
DigiSign Verified: 39604366-AF50-4C38-972F-5A06BB1X79342 Page 5 of 22

DigiSign Verified: 74117EF4-563D-469B-82A6-D82A3F4F9094

have one (1) banking day after written notice to deliver cash, official bank check, wire transfer or electronic transfer to the payee. In the event Buyer does not timely deliver the required funds, Seller shall have the right to terminate this Contract upon written notice to Buyer.

(e) **"Earnest Money Deposit"**: The Initial Earnest Money Deposit, the Additional Earnest Money Deposit and any other earnest monies paid or required to be paid in connection with this transaction, collectively the "Earnest Money Deposit", shall be deposited and held in escrow by Escrow Agent until Closing, at which time it will be credited to Buyer, or until this Contract is otherwise terminated. In the event: (1) this offer is not accepted; or (2) a condition of any resulting contract is not satisfied, then the Earnest Money Deposit shall be refunded to Buyer. In the event of breach of this Contract by Seller, the Earnest Money Deposit shall be refunded to Buyer upon Buyer's request, but such return shall not affect any other remedies available to Buyer for such breach. In the event of breach of this Contract by Buyer, the Earnest Money Deposit shall be paid to Seller as liquidated damages and as Seller's sole and exclusive remedy for such breach, but without limiting Seller's rights under Paragraphs 4(d) and 4(e) for damage to the Property or Seller's right to retain the Due Diligence Fee. It is acknowledged by the parties that payment of the Earnest Money Deposit to Seller in the event of a breach of this Contract by Buyer is compensatory and not punitive, such amount being a reasonable estimation of the actual loss that Seller would incur as a result of such breach. The payment of the Earnest Money Deposit to Seller shall not constitute a penalty or forfeiture but actual compensation for Seller's anticipated loss, both parties acknowledging the difficulty determining Seller's actual damages for such breach. If legal proceedings are brought by Buyer or Seller against the other to recover the Earnest Money Deposit, the prevailing party in the proceeding shall be entitled to recover from the non-prevailing party reasonable attorney fees and court costs incurred in connection with the proceeding.

(f) **"Escrow Agent"** (insert name): _____ Doyle & Wallace PLLC _____

> NOTE: In the event of a dispute between Seller and Buyer over the disposition of the Earnest Money Deposit held in escrow, a licensed real estate broker ("Broker") is required by state law (and Escrow Agent, if not a Broker, hereby agrees) to retain the Earnest Money Deposit in the Escrow Agent's trust or escrow account until Escrow Agent has obtained a written release from the parties consenting to its disposition or until disbursement is ordered by a court of competent jurisdiction. Alternatively, if a Broker or an attorney licensed to practice law in North Carolina ("Attorney") is holding the Earnest Money Deposit, the Broker or Attorney may deposit the disputed monies with the appropriate clerk of court in accordance with the provisions of N.C.G.S. §93A-12.

THE PARTIES AGREE THAT A REAL ESTATE BROKERAGE FIRM ACTING AS ESCROW AGENT MAY PLACE THE EARNEST MONEY DEPOSIT IN AN INTEREST BEARING TRUST ACCOUNT AND THAT ANY INTEREST EARNED THEREON SHALL BE DISBURSED TO THE ESCROW AGENT MONTHLY IN CONSIDERATION OF THE EXPENSES INCURRED BY MAINTAINING SUCH ACCOUNT AND RECORDS ASSOCIATED THEREWITH.

(g) **"Effective Date"**: The date that: (1) the last one of Buyer and Seller has signed or initialed this offer or the final counteroffer, if any, and (2) such signing or initialing is communicated to the party making the offer or counteroffer, as the case may be. The parties acknowledge and agree that the initials lines at the bottom of each page of this Contract are merely evidence of their having reviewed the terms of each page, and that the complete execution of such initials lines shall not be a condition of the effectiveness of this Agreement.

(h) **"Due Diligence"**: Buyer's opportunity to investigate the Property and the transaction contemplated by this Contract, including but not necessarily limited to the matters described in Paragraph 4 below, to decide whether Buyer, in Buyer's sole discretion, will proceed with or terminate the transaction.

(i) **"Due Diligence Fee"**: A negotiated amount, if any, paid by Buyer to Seller with this Contract for Buyer's right to terminate the Contract for any reason or no reason during the Due Diligence Period. It shall be the property of Seller upon the Effective Date and shall be a credit to Buyer at Closing. The Due Diligence Fee shall be non-refundable except in the event of a material breach of this Contract by Seller, or if this Contract is terminated under Paragraph 12, or as otherwise provided in any addendum hereto. Buyer and Seller each expressly waive any right that they may have to deny the right to conduct Due Diligence or to assert any defense as to the enforceability of this Contract based on the absence or alleged insufficiency of any Due Diligence Fee, it being the intent of the parties to create a legally binding contract for the purchase and sale of the Property without regard to the existence or amount of any Due Diligence Fee.

(j) **"Due Diligence Period"**: The period beginning on the Effective Date and extending through 5:00 p.m. on 2 from court decision. *TIME BEING OF THE ESSENCE.*

(k) **"Settlement"**: The proper execution and delivery to the closing attorney of all documents necessary to complete the transaction contemplated by this Contract, including the deed, settlement statement, deed of trust and other loan or conveyance documents, and the closing attorney's receipt of all funds necessary to complete such transaction.

(l) **"Settlement Date"**: The parties agree that Settlement will take place on _____ July 25, 2019 _____ (the "Settlement Date"), unless otherwise agreed in writing, at a time and place designated by Buyer.

Page 2 of 13

STANDARD FORM 2-T
Revised 7/2018
© 7/2018

Buyer initials _SV_ _N/_   Seller initials _____ _____

DigiSign Verified: 39604366-AF50-4C38-972F-5A06DB1C79342
DigiSign Verified: 74117EF4-563D-469B-82A6-D82A3F4F9094

(m) "Closing": The completion of the legal process which results in the transfer of title to the Property from Seller to Buyer, which includes the following steps: (1) the Settlement (defined above); (2) the completion of a satisfactory title update to the Property following the Settlement; (3) the closing attorney's receipt of authorization to disburse all necessary funds; and (4) recordation in the appropriate county registry of the deed(s) and deed(s) of trust, if any, which shall take place as soon as reasonably possible for the closing attorney after Settlement. Upon Closing, the proceeds of sale shall be disbursed by the closing attorney in accordance with the settlement statement and the provisions of Chapter 45A of the North Carolina General Statutes. If the title update should reveal unexpected liens, encumbrances or other title defects, or if the closing attorney is not authorized to disburse all necessary funds, then the Closing shall be suspended and the Settlement deemed delayed under Paragraph 13 (Delay in Settlement/Closing).

> **WARNING:** The North Carolina State Bar has determined that the performance of most acts and services required for a closing constitutes the practice of law and must be performed only by an attorney licensed to practice law in North Carolina. State law prohibits unlicensed individuals or firms from rendering legal services or advice. Although non-attorney settlement agents may perform limited services in connection with a closing, they may not perform all the acts and services required to complete a closing. A closing involves significant legal issues that should be handled by an attorney. Accordingly it is the position of the North Carolina Bar Association and the North Carolina Association of REALTORS® that all buyers should hire an attorney licensed in North Carolina to perform a closing.

(n) "Special Assessments": A charge against the Property by a governmental authority in addition to ad valorem taxes and recurring governmental service fees levied with such taxes, or by an owners' association in addition to any regular assessment (dues), either of which may be a lien against the Property. A Special Assessment may be either proposed or confirmed.

"Proposed Special Assessment": A Special Assessment that is under formal consideration but which has not been approved prior to Settlement.

"Confirmed Special Assessment": A Special Assessment that has been approved prior to Settlement whether payable in a lump sum or future installments.

> **NOTE:** Any Proposed and Confirmed Special Assessments must be identified by Seller in paragraph 7(c), and Buyer's and Seller's respective responsibilities for Proposed and Confirmed Special Assessments are addressed in paragraphs 6(a) and 8(k).

## 2. FIXTURES AND EXCLUSIONS.

(a) Specified Items: Unless identified in subparagraph (d) below, the following items, including all related equipment and remote control devices, if any, are deemed fixtures and shall convey, included in the Purchase Price free of liens:

- Alarm and security systems (attached) for security, fire, smoke, carbon monoxide or other toxins with all related access codes, sensors, cameras, dedicated monitors, hard drives, video recorders, power supplies and cables; doorbells/chimes
- All stoves/ranges/ovens; built-in appliances; attached microwave oven; vent hood
- Antennas; satellite dishes and receivers
- Basketball goals and play equipment (permanently attached or in-ground)
- Ceiling and wall-attached fans; light fixtures (including existing bulbs)
- Fireplace insert; gas logs or starters; attached fireplace screens; wood or coal stoves
- Floor coverings (attached)
- Fuel tank(s) whether attached or buried and including any contents that have not been used, removed or resold to the fuel provider as of Settlement. NOTE: Seller's use, removal or resale of fuel in any fuel tank is subject to Seller's obligation under Paragraph 8(c) to provide working, existing utilities through the earlier of Closing or possession by Buyer.
- Garage door openers with all controls

- Generators that are permanently wired
- Invisible fencing with power supply, controls and receivers
- Landscape and outdoor trees and plants (except in moveable containers); raised garden; landscape and foundation lighting; outdoor sound systems; permanent irrigation systems and controls; rain barrels; landscape water features; address markers
- Mailboxes; mounted package and newspaper receptacles
- Mirrors attached to walls, ceilings, cabinets or doors; all bathroom wall mirrors
- Storage shed; utility building
- Swimming pool (excluding inflatable); spa; hot tub
- Solar electric and solar water heating systems
- Sump-pumps, radon fans and crawlspace ventilators; de-humidifiers that are permanently wired
- Surface-mounting brackets for television and speakers; recess-mounted speakers; mounted intercom system
- Water supply equipment, including filters, conditioning and softener systems; re-circulating pumps; well pumps and tanks
- Window/Door blinds and shades, curtain and drapery rods and brackets, door and window screens and combination doors, awnings and storm windows

Page 3 of 13

Buyer initials _SU_  _NV_  Seller initials _(signature)_

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com      Verjee - 1205 Allen

**(b) Items Leased or Not Owned:** Any item which is leased or not owned by Seller, such as fuel tanks, antennas, satellite dishes and receivers, appliances, and alarm and security systems must be identified here and shall not convey:
none

**(c) Other Fixtures/Unspecified Items:** Unless identified in subparagraph (d) below, any other item legally considered a fixture is included in the Purchase Price free of liens.

**(d) Other Items That Do Not Convey:** The following items shall not convey (*identify those items to be excluded under subparagraphs (a) and (c)*): none

Seller shall repair any damage caused by removal of any items excepted above.

**3. PERSONAL PROPERTY:** The following personal property shall be transferred to Buyer at no value at Closing: _____

**NOTE:** Buyer is advised to consult with Buyer's lender to assure that the Personal Property items listed above can be included in this Contract.

**4. BUYER'S DUE DILIGENCE PROCESS:**

**WARNING: BUYER IS STRONGLY ENCOURAGED TO CONDUCT DUE DILIGENCE DURING THE DUE DILIGENCE PERIOD.** If Buyer is not satisfied with the results or progress of Buyer's Due Diligence, Buyer should terminate this Contract, **PRIOR TO THE EXPIRATION OF THE DUE DILIGENCE PERIOD,** unless Buyer can obtain a written extension from Seller. **SELLER IS NOT OBLIGATED TO GRANT AN EXTENSION.** Although Buyer may continue to investigate the Property following the expiration of the Due Diligence Period, Buyer's failure to deliver a Termination Notice to Seller prior to the expiration of the Due Diligence Period will constitute a waiver by Buyer of any right to terminate this Contract based on any matter relating to Buyer's Due Diligence. Provided however, following the Due Diligence Period, Buyer may still exercise a right to terminate if Seller fails to materially comply with any of Seller's obligations under Paragraph 8 of this Contract or for any other reason permitted under the terms of this Contract or North Carolina law.

**(a) Loan:** Buyer, at Buyer's expense, shall be entitled to pursue qualification for and approval of the Loan if any.

**NOTE:** Buyer's obligation to purchase the Property is not contingent on obtaining a Loan. Therefore, Buyer is advised to consult with Buyer's lender prior to signing this offer to assure that the Due Diligence Period allows sufficient time for the appraisal to be completed and for Buyer's lender to provide Buyer sufficient information to decide whether to proceed with or terminate the transaction.

**(b) Property Investigation:** Buyer or Buyer's agents or representatives, at Buyer's expense, shall be entitled to conduct all desired tests, surveys, appraisals, investigations, examinations and inspections of the Property as Buyer deems appropriate, including but NOT limited to the following:

(i) **Inspections:** Inspections to determine the condition of any improvements on the Property, the presence of unusual drainage conditions or evidence of excessive moisture adversely affecting any improvements on the Property, the presence of asbestos or existing environmental contamination, evidence of wood-destroying insects or damage therefrom, and the presence and level of radon gas on the Property.

(ii) **Review of Documents:** Review of the Declaration of Restrictive Covenants, Bylaws, Articles of Incorporation, Rules and Regulations, and other governing documents of any applicable owners' association and/or subdivision. If the Property is subject to regulation by an owners' association, it is recommended that Buyer review the completed Residential Property and Owners' Association Disclosure Statement provided by Seller prior to signing this offer. It is also recommended that the Buyer determine if the owners' association or its management company charges fees for providing information required by Buyer's lender or confirming restrictive covenant compliance.

(iii) **Insurance:** Investigation of the availability and cost of insurance for the Property.

(iv) **Appraisals:** An appraisal of the Property.

(v) **Survey:** A survey to determine whether the property is suitable for Buyer's intended use and the location of easements, setbacks, property boundaries and other issues which may or may not constitute title defects.

(vi) **Zoning and Governmental Regulation:** Investigation of current or proposed zoning or other governmental regulation that may affect Buyer's intended use of the Property, adjacent land uses, planned or proposed road construction, and school attendance zones.

Page 4 of 13

Buyer initials _SU_ _NJ_    Seller initials _____ _____

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com

(vii) **Flood Hazard:** Investigation of potential flood hazards on the Property, and/or any requirement to purchase flood insurance in order to obtain the Loan.

(viii) **Utilities and Access:** Availability, quality, and obligations for maintenance of utilities including water, sewer, electric, gas, communication services, stormwater management, and means of access to the Property and amenities.

(ix) **Streets/Roads:** Investigation of the status of the street/road upon which the Property fronts as well as any other street/road used to access the Property, including: (1) whether any street(s)/road(s) are public or private, (2) whether any street(s)/road(s) designated as public are accepted for maintenance by the State of NC or any municipality, or (3) if private or not accepted for public maintenance, the consequences and responsibility for maintenance and the existence, terms and funding of any maintenance agreements.

(x) **Fuel Tank:** Inspections to determine the existence, type and ownership of any fuel tank located on the Property.

| NOTE: Buyer is advised to consult with the owner of any leased fuel tank regarding the terms under which Buyer may lease the tank and obtain fuel. |
|---|

(c) **Repair/Improvement Negotiations/Agreement:** Buyer acknowledges and understands that unless the parties agree otherwise, THE PROPERTY IS BEING SOLD IN ITS CURRENT CONDITION. Buyer and Seller acknowledge and understand that they may, but are not required to, engage in negotiations for repairs/improvements to the Property. Buyer is advised to make any repair/improvement requests in sufficient time to allow repair/improvement negotiations to be concluded prior to the expiration of the Due Diligence Period. Any agreement that the parties may reach with respect to repairs/improvements shall be considered an obligation of the parties and is an addition to this Contract and as such, must be in writing and signed by the parties in accordance with Paragraph 20.

| NOTE: See Paragraph 8(c), Access to Property and Paragraph 8(m), Negotiated Repairs/Improvements. |
|---|

(d) **Buyer's Obligation to Repair Damage:** Buyer shall, at Buyer's expense, promptly repair any damage to the Property resulting from any activities of Buyer and Buyer's agents and contractors, but Buyer shall not be responsible for any damage caused by accepted practices either approved by the N.C. Home Inspector Licensure Board or applicable to any other N.C. licensed professional performing reasonable appraisals, tests, surveys, examinations and inspections of the Property. This repair obligation shall survive any termination of this Contract.

(e) **Indemnity:** Buyer will indemnify and hold Seller harmless from all loss, damage, claims, suits or costs, which shall arise out of any contract, agreement, or injury to any person or property as a result of any activities of Buyer and Buyer's agents and contractors relating to the Property except for any loss, damage, claim, suit or cost arising out of pre-existing conditions of the Property and/or out of Seller's negligence or willful acts or omissions. This indemnity shall survive this Contract and any termination hereof.

(f) **Buyer's Right to Terminate:** Buyer shall have the right to terminate this Contract for any reason or no reason, by delivering to Seller written notice of termination (the "Termination Notice") during the Due Diligence Period (or any agreed-upon written extension of the Due Diligence Period), *TIME BEING OF THE ESSENCE.* If Buyer timely delivers the Termination Notice, this Contract shall be terminated and the Earnest Money Deposit shall be refunded to Buyer.

(g) **CLOSING SHALL CONSTITUTE ACCEPTANCE OF THE PROPERTY IN ITS THEN EXISTING CONDITION UNLESS PROVISION IS OTHERWISE MADE IN WRITING.**

5. **BUYER REPRESENTATIONS:**

(a) **Loan:** Buyer ☐ does ☒ does not intend to obtain a new loan in order to purchase the Property. If Buyer is obtaining a new loan, Buyer intends to obtain a loan as follows: ☐ FHA ☐ VA (attach FHA/VA Financing Addendum) ☐ Conventional ☐ Other: _____ loan at a ☐ Fixed Rate ☐ Adjustable Rate in the principal amount of _____ plus any financed VA Funding Fee or FHA MIP for a term of _____ year(s), at an initial interest rate not to exceed _____ % per annum (the "Loan").

| NOTE: Buyer's obligations under this Contract are not conditioned upon obtaining or closing any loan. |
|---|

| NOTE: If Buyer does not intend to obtain a new loan, Seller is advised, prior to signing this offer, to obtain documentation from Buyer which demonstrates that Buyer will be able to close on the Property without the necessity of obtaining a new loan. |
|---|

(b) **Other Property:** Buyer ☐ does ☒ does not have to sell or lease other real property in order to qualify for a new loan or to complete purchase.

| NOTE: This Contract is not conditioned upon the sale of Buyer's property unless a contingent sale addendum such as Standard Form 2A2-T is made a part of this Contract. |
|---|

Page 5 of 13

Buyer initials _SU_ _N/_ Seller initials _____

STANDARD FORM 2-T
Revised 7/2018
© 7/2018

(c) **Performance of Buyer's Financial Obligations:** To the best of Buyer's knowledge, there are no other circumstances or conditions existing as of the date of this offer that would prohibit Buyer from performing Buyer's financial obligations in accordance with this Contract, except as may be specifically set forth herein.

(d) **Residential Property and Owners' Association Property Disclosure Statement** (*check only one*):

☐ Buyer has received a signed copy of the N.C. Residential Property and Owners' Association Disclosure Statement prior to the signing of this offer.

☐ Buyer has NOT received a signed copy of the N.C. Residential Property and Owners' Association Disclosure Statement prior to the signing of this offer and shall have the right to terminate or withdraw this Contract without penalty (including a refund of any Due Diligence Fee) prior to WHICHEVER OF THE FOLLOWING EVENTS OCCURS FIRST: (1) the end of the third calendar day following receipt of the Disclosure Statement; (2) the end of the third calendar day following the Effective Date; or (3) Settlement or occupancy by Buyer in the case of a sale or exchange.

☒ Exempt from N.C. Residential Property and Owners' Association Disclosure Statement because (SEE GUIDELINES): _____
 **Transfer by a trustee in bankruptcy** _____

(e) **Mineral and Oil and Gas Rights Mandatory Disclosure Statement** (*check only one*):

☐ Buyer has received a signed copy of the N.C. Mineral and Oil and Gas Rights Mandatory Disclosure Statement prior to the signing of this offer.

☐ Buyer has NOT received a signed copy of the N.C. Mineral and Oil and Gas Rights Mandatory Disclosure Statement prior to the signing of this offer and shall have the right to terminate or withdraw this Contract without penalty (including a refund of any Due Diligence Fee) prior to WHICHEVER OF THE FOLLOWING EVENTS OCCURS FIRST: (1) the end of the third calendar day following receipt of the Disclosure Statement; (2) the end of the third calendar day following the Effective Date; or (3) Settlement or occupancy by Buyer in the case of a sale or exchange.

☒ Exempt from N.C. Mineral and Oil and Gas Rights Mandatory Disclosure Statement because (SEE GUIDELINES): _____
 **Transfer by a trustee in bankruptcy** _____

Buyer's receipt of a Mineral and Oil and Gas Rights Mandatory Disclosure Statement does not modify or limit the obligations of Seller under Paragraph 8(g) of this Contract and shall not constitute the assumption or approval by Buyer of any severance of mineral and/or oil and gas rights, except as may be assumed or specifically approved by Buyer in writing.

**NOTE:** The parties are advised to consult with a NC attorney prior to signing this Contract if severance of mineral and/or oil and gas rights has occurred or is intended.

6. **BUYER OBLIGATIONS:**

(a) **Responsibility for Proposed Special Assessments:** Buyer shall take title subject to all Proposed Special Assessments.

(b) **Responsibility for Certain Costs:** Buyer shall be responsible for all costs with respect to:

(i) any loan obtained by Buyer, including charges by an owners association and/or management company as agent of an owners' association for providing information required by Buyer's lender;

(ii) charges required by an owners' association declaration to be paid by Buyer for Buyer's future use and enjoyment of the Property, including, without limitation, working capital contributions, membership fees, or charges for Buyer's use of the common elements and/or services provided to Buyer, such as "move-in fees";

(iii) determining restrictive covenant compliance;

(iv) appraisal;

(v) title search;

(vi) title insurance;

(vii) any fees charged by the closing attorney for the preparation of the Closing Disclosure, Seller Disclosure and any other settlement statement;

(viii) recording the deed; and

(ix) preparation and recording of all instruments required to secure the balance of the Purchase Price unpaid at Settlement.

(c) **Authorization to Disclose Information:** Buyer authorizes the Buyer's lender(s), the parties' real estate agent(s) and closing attorney: (1) to provide this Contract to any appraiser employed by Buyer or by Buyer's lender(s); and (2) to release and disclose any buyer's closing disclosure, settlement statement and/or disbursement summary, or any information therein, to the parties to this transaction, their real estate agent(s) and Buyer's lender(s).

7. **SELLER REPRESENTATIONS:**

(a) **Ownership:** Seller represents that Seller:

☐ has owned the Property for at least one year.

☒ has owned the Property for less than one year.

☐ does not yet own the Property.

Page 6 of 13

Buyer initials ___SV___ ___NL___   Seller initials ___AB___ _____

STANDARD FORM 2-T
Revised 7/2018
© 7/2018
Verjee - 1205 Allen

**(b) Lead-Based Paint** *(check if applicable)*:
☐  The Property is residential and was built prior to 1978 (Attach Lead-Based Paint or Lead-Based Paint Hazards Disclosure Addendum {Standard Form 2A9-T}).

**(c) Assessments:** To the best of Seller's knowledge there ☐ are ☒ are not any Proposed Special Assessments. If any Proposed Special Assessments, identify: **none**

Seller warrants that there ☐ are ☒ are not any Confirmed Special Assessments. If any Confirmed Special Assessments, identify: **none**

---

**NOTE:** Buyer's and Seller's respective responsibilities for Proposed and Confirmed Special Assessments are addressed in paragraphs 6(a) and 8(k).

---

**(d) Owners' Association(s) and Dues:** Seller authorizes and directs any owners' association, any management company of the owners' association, any insurance company and any attorney who has previously represented the Seller to release to Buyer, Buyer's agents, representative, closing attorney or lender true and accurate copies of the following items affecting the Property, including any amendments:

- Seller's statement of account
- master insurance policy showing the coverage provided and the deductible amount
- Declaration and Restrictive Covenants
- Rules and Regulations
- Articles of Incorporation
- Bylaws of the owners' association
- current financial statement and budget of the owners' association
- parking restrictions and information
- architectural guidelines

☐ (specify name of association): _____ whose regular assessments ("dues") are $_____ per_____ . The name, address and telephone number of the president of the owners' association or the association manager is: _____

Owners' association website address, if any: _____

☐ (specify name of association): _____ whose regular assessments ("dues") are $_____ per_____ . The name, address and telephone number of the president of the owners' association or the association manager is: _____

Owners' association website address, if any: _____

8. **SELLER OBLIGATIONS:**
   **(a) Evidence of Title, Payoff Statement(s) and Non Foreign Status:**
   (i) Seller agrees to use best efforts to provide to the closing attorney as soon as reasonably possible after the Effective Date, copies of all title information in possession of or available to Seller, including but not limited to: title insurance policies, attorney's opinions on title, surveys, covenants, deeds, notes and deeds of trust, leases, and easements relating to the Property.
   (ii) Seller shall provide to the closing attorney all information needed to obtain a written payoff statement from any lender(s) regarding any security interest in the Property as soon as reasonably possible after the Effective Date, and Seller designates the closing attorney as Seller's agent with express authority to request and obtain on Seller's behalf payoff statements and/or short-pay statements from any such lender(s).
   (iii) If Seller is not a foreign person as defined by the Foreign Investment in Real Property Tax Act, Seller shall also provide to the closing attorney a non-foreign status affidavit (pursuant to the Foreign Investment in Real Property Tax Act). In the event Seller shall not provide a non-foreign status affidavit, Seller acknowledges that there may be withholding as provided by the Internal Revenue Code.

   **(b) Authorization to Disclose Information:** Seller authorizes: (i) any attorney presently or previously representing Seller to release and disclose any title insurance policy in such attorney's file to Buyer and both Buyer's and Seller's agents and attorneys; (ii) the Property's title insurer or its agent to release and disclose all materials in the Property's title insurer's (or title insurer's agent's) file to Buyer and both Buyer's and Seller's agents and attorneys and (iii) the closing attorney to release and disclose any seller's closing disclosure, settlement statement and/or disbursement summary, or any information therein, to the parties to this transaction, their real estate agent(s) and Buyer's lender(s).

Buyer initials _SV_ _NV_   Seller initials _____

STANDARD FORM 2-T
Revised 7/2018
© 7/2018
Verjee - 1205 Allen

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com

DigiSign Verified: 39604366-AF50-4C38-972F-5A66BB470342

DigiSign Verified: 74117EF4-563D-469B-82A6-D82A3F4F9094

(c)  **Access to Property:** Seller shall provide reasonable access to the Property (including working, existing utilities) through the earlier of Closing or possession by Buyer, including, but not limited to, allowing Buyer and/or Buyer's agents or representatives, an opportunity to (i) conduct Due Diligence, (ii) verify the satisfactory completion of negotiated repairs/improvements, and (iii) conduct a final walk-through inspection of the Property.

NOTE: See WARNING in paragraph 4 above for limitation on Buyer's right to terminate this Contract as a result of Buyer's continued investigation of the Property following the expiration of the Due Diligence Period.

(d)  **Removal of Seller's Property:** Seller shall remove, by the date possession is made available to Buyer, all personal property which is not a part of the purchase and all garbage and debris from the Property.

(e)  **Affidavit and Indemnification Agreement:** Seller shall furnish at Settlement an affidavit(s) and indemnification agreement(s) in form satisfactory to Buyer and Buyer's title insurer, if any, executed by Seller and any person or entity who has performed or furnished labor, services, materials or rental equipment to the Property within 120 days prior to the date of Settlement and who may be entitled to claim a lien against the Property as described in N.C.G.S. §44A-8 verifying that each such person or entity has been paid in full and agreeing to indemnify Buyer, Buyer's lender(s) and Buyer's title insurer against all loss from any cause or claim arising therefrom.

(f)  **Designation of Lien Agent, Payment and Satisfaction of Liens:** If required by N.C.G.S. §44A-11.1, Seller shall have designated a Lien Agent, and Seller shall deliver to Buyer as soon as reasonably possible a copy of the appointment of Lien Agent. All deeds of trust, deferred ad valorem taxes, liens and other charges against the Property, not assumed by Buyer, must be paid and satisfied by Seller prior to or at Settlement such that cancellation may be promptly obtained following Closing. Seller shall remain obligated to obtain any such cancellations following Closing. *Trustee's*

(g)  **Good Title, Legal Access:** Seller shall execute and deliver a ~~GENERAL~~ WARRANTY DEED ~~for the Property~~ in recordable form no later than Settlement, which shall convey fee simple marketable and insurable title, without exception for mechanics' liens, and free of any other liens, encumbrances or defects, including those which would be revealed by a current and accurate survey of the Property, except: ad valorem taxes for the current year (prorated through the date of Settlement); utility easements and unviolated covenants, conditions or restrictions that do not materially affect the value of the Property; and such other liens, encumbrances or defects as may be assumed or specifically approved by Buyer in writing. The Property must have legal access to a public right of way.

NOTE: Buyer's failure to conduct a survey or examine title of the Property, prior to the expiration of the Due Diligence Period does not relieve the Seller of their obligation to deliver good title under this paragraph.

NOTE: If any sale of the Property may be a "short sale," consideration should be given to attaching a Short Sale Addendum Form 2A14-T as an addendum to this Contract.

(h)  **Deed, Taxes and Fees:** Seller shall pay for preparation of a deed and all other documents necessary to perform Seller's obligations under this Contract, and for state and county excise taxes, and any deferred, discounted or rollback taxes, and local conveyance fees required by law. The deed is to be made to: Dogwood Property Development, LLC
_____

(i)  **Agreement to Pay Buyer Expenses:** Seller shall pay at Settlement $ _____ toward any of Buyer's expenses associated with the purchase of the Property, at the discretion of Buyer and/or lender, if any, including any FHA/VA lender and inspection costs that Buyer is not permitted to pay.

NOTE: Parties should review the FHA/VA Addendum prior to entering an amount in Paragraph 8(i). Certain FHA/VA lender and inspection costs CANNOT be paid by Buyer at Settlement and the amount of these should be included in the blank above.

(j)  **Owners' Association Fees/Charges:** Seller shall pay: (i) any fees required for confirming Seller's account payment information on owners' association dues or assessments for payment or proration; (ii) any fees imposed by an owners' association and/or a management company as agent of the owners' association in connection with the transaction contemplated by this Contract other than those fees required to be paid by Buyer under paragraph 6(b) above; and (iii) fees incurred by Seller in completing the Residential Property and Owners' Association Disclosure Statement, and resale or other certificates related to a proposed sale of the Property.

(k)  **Payment of Confirmed Special Assessments:** Seller shall pay, in full at Settlement, all Confirmed Special Assessments, whether payable in a lump sum or future installments, provided that the amount thereof can be reasonably determined or estimated. The payment of such estimated amount shall be the final payment between the Parties.

Buyer initials _SV_ _N/_    Seller initials _____ _____

STANDARD FORM 2-T
Revised 7/2018
© 7/2018

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com

Verjee - 1205 Allen

DigiSign Verified: 39604366-AF50-4C38-972F-5A06BB2A79342

DigiSign Verified: 74117EF4-563D-469B-82A6-D82A3F4F9094

**(l) Late Listing Penalties:** All property tax late listing penalties, if any, shall be paid by Seller.

**(m) Negotiated Repairs/Improvements:** Negotiated repairs/improvements shall be made in a good and workmanlike manner and Buyer shall have the right to verify same prior to Settlement.

**(n) Seller's Failure to Comply or Breach:** If Seller fails to materially comply with any of Seller's obligations under this Paragraph 8 or Seller materially breaches this Contract, and Buyer elects to terminate this Contract as a result of such failure or breach, then the Earnest Money Deposit and the Due Diligence Fee shall be refunded to Buyer and Seller shall reimburse to Buyer the reasonable costs actually incurred by Buyer in connection with Buyer's Due Diligence without affecting any other remedies. If legal proceedings are brought by Buyer against Seller to recover the Earnest Money Deposit, the Due Diligence Fee and/or the reasonable costs actually incurred by Buyer in connection with Buyer's Due Diligence, the prevailing party in the proceeding shall be entitled to recover from the non-prevailing party reasonable attorney fees and court costs incurred in connection with the proceeding.

**9. PRORATIONS AND ADJUSTMENTS:** Unless otherwise provided, the following items shall be prorated through the date of Settlement and either adjusted between the parties or paid at Settlement:

(a) **Taxes on Real Property:** Ad valorem taxes and recurring governmental service fees levied with such taxes on real property shall be prorated on a calendar year basis;

(b) **Taxes on Personal Property:** Ad valorem taxes on personal property for the entire year shall be paid by Seller unless the personal property is conveyed to Buyer, in which case, the personal property taxes shall be prorated on a calendar year basis;

(c) **Rents:** Rents, if any, for the Property;

(d) **Dues:** Owners' association regular assessments (dues) and other like charges.

**10. HOME WARRANTY:** Select one of the following:
- ☐ No home warranty is to be provided by Seller.
- ☐ Buyer may obtain a one-year home warranty at a cost not to exceed $ _____ which includes sales tax and Seller agrees to pay for it at Settlement.
- ☐ Seller has obtained and will provide a one-year home warranty from _____ at a cost of $ _____ which includes sales tax and will pay for it at Settlement.

> **NOTE:** Home warranties typically have limitations on and conditions to coverage. Refer specific questions to the home warranty company.

**11. CONDITION OF PROPERTY AT CLOSING:** Buyer's obligation to complete the transaction contemplated by this Contract shall be contingent upon the Property being in substantially the same or better condition at Closing as on the date of this offer, reasonable wear and tear excepted.

**12. RISK OF LOSS:** The risk of loss or damage by fire or other casualty prior to Closing shall be upon Seller. If the improvements on the Property are destroyed or materially damaged prior to Closing, Buyer may terminate this Contract by written notice delivered to Seller or Seller's agent and the Earnest Money Deposit and any Due Diligence Fee shall be refunded to Buyer. In the event Buyer does NOT elect to terminate this Contract, Buyer shall be entitled to receive, in addition to the Property, any of Seller's insurance proceeds payable on account of the damage or destruction applicable to the Property being purchased. Seller is advised not to cancel existing insurance on the Property until after confirming recordation of the deed.

**13. DELAY IN SETTLEMENT/CLOSING:** Absent agreement to the contrary in this Contract or any subsequent modification thereto, if a party is unable to complete Settlement by the Settlement Date but intends to complete the transaction and is acting in good faith and with reasonable diligence to proceed to Settlement ("Delaying Party"), and if the other party is ready, willing and able to complete Settlement on the Settlement Date ("Non-Delaying Party") then the Delaying Party shall give as much notice as possible to the Non-Delaying Party and closing attorney and shall be entitled to a delay in Settlement. If the parties fail to complete Settlement and Closing within fourteen (14) days of the Settlement Date (including any amended Settlement Date agreed to in writing by the parties) or to otherwise extend the Settlement Date by written agreement, then the Delaying Party shall be in breach and the Non-Delaying Party may terminate this Contract and shall be entitled to enforce any remedies available to such party under this Contract for the breach.

**14. POSSESSION:** Possession, including all means of access to the Property (keys, codes including security codes, garage door openers, electronic devices, etc.), shall be delivered upon Closing as defined in Paragraph 1(m) unless otherwise provided below:
- ☐ A Buyer Possession Before Closing Agreement is attached (Standard Form 2A7-T)
- ☐ A Seller Possession After Closing Agreement is attached (Standard Form 2A8-T)
- ☐ Possession is subject to rights of tenant(s)

> **NOTE:** Consider attaching Additional Provisions Addendum (Form 2A11-T) or Vacation Rental Addendum (Form 2A13-T)

Buyer initials _SV_ _NV_   Seller initials _MB_ _____

STANDARD FORM 2-T
Revised 7/2018
© 7/2018

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com   Verjee - 1205 Allen

DigiSign Verified: 39604366-AF50-4C38-972F-5XC6BBA79342

DigiSign Verified: 74117EF4-563D-469B-82A6-D82A3F4F9094

**15. ADDENDA:** CHECK ALL STANDARD ADDENDA THAT MAY BE A PART OF THIS CONTRACT, IF ANY, AND ATTACH HERETO. ITEMIZE ALL OTHER ADDENDA TO THIS CONTRACT, IF ANY, AND ATTACH HERETO.

☐ Additional Provisions Addendum (Form 2A11-T)
☐ Additional Signatures Addendum (Form 3-T)
☐ Back-Up Contract Addendum (Form 2A1-T)
☐ Contingent Sale Addendum (Form 2A2-T)
☐ FHA/VA Financing Addendum (Form 2A4-T)
☐ Lead-Based Paint Or Lead-Based Paint Hazard Addendum (Form 2A9-T)

☐ Loan Assumption Addendum (Form 2A6-T)
☐ New Construction Addendum (Form 2A3-T)
☐ Owners' Association Disclosure And Condominium Resale Statement Addendum (Form 2A12-T)
☐ Seller Financing Addendum (Form 2A5-T)
☐ Short Sale Addendum (Form 2A14-T)
☐ Vacation Rental Addendum (Form 2A13-T)

☒ Identify other attorney or party drafted addenda: Seller to give tenant notice (minimum days required per lease) to vacate upon acceptance of this contract; *Addendum to - offer to/finance + Contract*

**NOTE: UNDER NORTH CAROLINA LAW, REAL ESTATE BROKERS ARE NOT PERMITTED TO DRAFT ADDENDA TO THIS CONTRACT.**

**16. ASSIGNMENTS:** This Contract may not be assigned without the written consent of all parties except in connection with a tax-deferred exchange, but if assigned by agreement, then this Contract shall be binding on the assignee and assignee's heirs and successors.

**17. TAX-DEFERRED EXCHANGE:** In the event Buyer or Seller desires to effect a tax-deferred exchange in connection with the conveyance of the Property, Buyer and Seller agree to cooperate in effecting such exchange; provided, however, that the exchanging party shall be responsible for all additional costs associated with such exchange, and provided further, that a non-exchanging party shall not assume any additional liability with respect to such tax-deferred exchange. Buyer and Seller shall execute such additional documents, including assignment of this Contract in connection therewith, at no cost to the non-exchanging party, as shall be required to give effect to this provision.

**18. PARTIES:** This Contract shall be binding upon and shall inure to the benefit of Buyer and Seller and their respective heirs, successors and assigns. As used herein, words in the singular include the plural and the masculine includes the feminine and neuter genders, as appropriate.

**19. SURVIVAL:** If any provision herein contained which by its nature and effect is required to be observed, kept or performed after the Closing, it shall survive the Closing and remain binding upon and for the benefit of the parties hereto until fully observed, kept or performed.

**20. ENTIRE AGREEMENT:** This Contract contains the entire agreement of the parties and there are no representations, inducements or other provisions other than those expressed herein. All changes, additions or deletions hereto must be in writing and signed by all parties. Nothing contained herein shall alter any agreement between a REALTOR® or broker and Seller or Buyer as contained in any listing agreement, buyer agency agreement, or any other agency agreement between them.

**21. CONDUCT OF TRANSACTION:** The parties agree that any action between them relating to the transaction contemplated by this Contract may be conducted by electronic means, including the signing of this Contract by one or more of them and any notice or communication given in connection with this Contract. Any written notice or communication may be transmitted to any mailing address, e-mail address or fax number set forth in the "Notice Information" section below. Any notice or communication to be given to a party herein, and any fee, deposit or other payment to be delivered to a party herein, may be given to the party or to such party's agent. Seller and Buyer agree that the "Notice Information" and "Acknowledgment of Receipt of Monies" sections below shall not constitute a material part of this Contract, and that the addition or modification of any information therein shall not constitute a rejection of an offer or the creation of a counteroffer.

**22. EXECUTION:** This Contract may be signed in multiple originals or counterparts, all of which together constitute one and the same instrument.

**23. COMPUTATION OF DAYS/TIME OF DAY:** Unless otherwise provided, for purposes of this Contract, the term "days" shall mean consecutive calendar days, including Saturdays, Sundays, and holidays, whether federal, state, local or religious. For the purposes of calculating days, the count of "days" shall begin on the day following the day upon which any act or notice as provided in this Contract was required to be performed or made. Any reference to a date or time of day shall refer to the date and/or time of day in the State of North Carolina.

Page 10 of 13

Buyer initials SV  NV  Seller initials ___ ___

STANDARD FORM 2-T
Revised 7/2018
© 7/2018

DigiSign Verified: 39604366-AF50-4C38-972F-5A66BB870342

DigiSign Verified: 74117EF4-563D-469B-82A6-D82A3F4F9094

THE NORTH CAROLINA ASSOCIATION OF REALTORS®, INC. AND THE NORTH CAROLINA BAR ASSOCIATION MAKE NO REPRESENTATION AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION OF THIS FORM IN ANY SPECIFIC TRANSACTION. IF YOU DO NOT UNDERSTAND THIS FORM OR FEEL THAT IT DOES NOT PROVIDE FOR YOUR LEGAL NEEDS, YOU SHOULD CONSULT A NORTH CAROLINA REAL ESTATE ATTORNEY BEFORE YOU SIGN IT.

This offer shall become a binding contract on the Effective Date. Unless specifically provided otherwise, Buyer's failure to timely deliver any fee, deposit or other payment provided for herein shall not prevent this offer from becoming a binding contract, provided that any such failure shall give Seller certain rights to terminate the contract as described herein or as otherwise permitted by law.

Date: _____   Date: _____

Buyer _____   Seller _____

Date: _____   Date: _____

Buyer _____   Seller _____

Entity Buyer:                           Entity Seller:
  Dogwood Property Development, LLC
  (Name of LLC/Corporation/Partnership/Trust/etc.)     (Name of LLC/Corporation/Partnership/Trust/etc.)

By: _Sorrayah Verjee   Naquib Verjee_    By: _____

Name: Sorrayah Verjee Naquib Verjee     Name: _____

Title: Manager | Manager                Title: _____

Date: 06-05-2019      06-06-2019         Date: _____

## WIRE FRAUD WARNING

TO BUYERS: BEFORE SENDING ANY WIRE, YOU SHOULD CALL THE CLOSING ATTORNEY'S OFFICE TO VERIFY THE INSTRUCTIONS. IF YOU RECEIVE WIRING INSTRUCTIONS FOR A DIFFERENT BANK, BRANCH LOCATION, ACCOUNT NAME OR ACCOUNT NUMBER, THEY SHOULD BE PRESUMED FRAUDULENT. DO NOT SEND ANY FUNDS AND CONTACT THE CLOSING ATTORNEY'S OFFICE IMMEDIATELY.

TO SELLERS: IF YOUR PROCEEDS WILL BE SENT, IT IS RECOMMENDED THAT YOU PROVIDE WIRING INSTRUCTIONS AT CLOSING IN WRITING IN THE PRESENCE OF THE ATTORNEY. IF YOU ARE UNABLE TO ATTEND CLOSING, YOU MAY BE REQUIRED TO SEND AN ORIGINAL NOTARIZED DIRECTIVE TO THE CLOSING ATTORNEY'S OFFICE CONTAINING THE WIRING INSTRUCTIONS. THIS MAY BE SENT WITH THE DEED, LIEN WAIVER AND TAX FORMS IF THOSE DOCUMENTS ARE BEING PREPARED FOR YOU BY THE CLOSING ATTORNEY. AT A MINIMUM, YOU SHOULD CALL THE CLOSING ATTORNEY'S OFFICE TO PROVIDE THE WIRE INSTRUCTIONS. THE WIRE INSTRUCTIONS SHOULD BE VERIFIED OVER THE TELEPHONE VIA A CALL TO YOU INITIATED BY THE CLOSING ATTORNEY'S OFFICE TO ENSURE THAT THEY ARE NOT FROM A FRAUDULENT SOURCE.

WHETHER YOU ARE A BUYER OR A SELLER, YOU SHOULD CALL THE CLOSING ATTORNEY'S OFFICE AT A NUMBER THAT IS INDEPENDENTLY OBTAINED. TO ENSURE THAT YOUR CONTACT IS LEGITIMATE, YOU SHOULD NOT RELY ON A PHONE NUMBER IN AN EMAIL FROM THE CLOSING ATTORNEY'S OFFICE; YOUR REAL ESTATE AGENT OR ANYONE ELSE.

STANDARD FORM 2-T
Revised 7/2018
© 7/2018

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com

Verjee - 1205 Allen

DigiSign Verified: 39604366-AF50-4C38-972F-5X068BBA79342
DigiSign Verified: 74117EF4-563D-469B-82A6-D82A3F4F9094

**NOTICE INFORMATION**

> **NOTE: INSERT AT LEAST ONE ADDRESS AND/OR ELECTRONIC DELIVERY ADDRESS EACH PARTY AND AGENT APPROVES FOR THE RECEIPT OF ANY NOTICE CONTEMPLATED BY THIS CONTRACT. INSERT "N/A" FOR ANY WHICH ARE NOT APPROVED.**

**BUYER NOTICE ADDRESS:**

Mailing Address: _____

_____

Buyer Fax#: _____

Buyer E-mail: _____

**SELLER NOTICE ADDRESS:**

Mailing Address: _____

_____

Seller Fax#: _____

Seller E-mail: _____

**CONFIRMATION OF AGENCY/NOTICE ADDRESSES**

Selling Firm Name: **EXP Realty**
Acting as ☒ Buyer's Agent ☐ Seller's (sub)Agent ☐ Dual Agent
Firm License #: **C22682**

Mailing Address: **10130 Perimeter Parkway #200,**

**Charlotte, NC  28216**

Individual Selling Agent: **Chris Phillis**
☐ Acting as a Designated Dual Agent (check only if applicable)

Selling Agent License #: **285607**

Selling Agent Phone#: **(980) 221-5152**

Selling Agent Fax#: _____

Selling Agent E-mail: **chris@homewiserealtygroup.co m**

Listing Firm Name: **One To One Realty**
Acting as ☒ Seller's Agent ☐ Dual Agent
Firm License #: _____

Mailing Address: **6617 Alexander Rd, Charlotte, NC**

**28270**

Individual Listing Agent: **Teresa Wilson**
☐ Acting as a Designated Dual Agent (check only if applicable)

Listing Agent License #: **55193**

Listing Agent Phone#: **(704) 777-5227**

Listing Agent Fax#: _____

Listing Agent E-mail: **twilson2217@yahoo.com**

[THIS SPACE INTENTIONALLY LEFT BLANK]

Page 12 of 13

Buyer initials _SV_ _NV_  Seller initials _[initials]_

STANDARD FORM 2-T
Revised 7/2018
© 7/2018

DigiSign Verified: 39604366-AF50-4C38-972F-5A66BBA70342
DigiSign Verified: 74117EF4-563D-469B-82A6-D82A3F4F9094

## ACKNOWLEDGMENT OF RECEIPT OF MONIES

Seller: _____ ("Seller")

Buyer: _____ ("Buyer")

Property Address: 1205 Allen St, Charlotte, NC  28205 _____ ("Property")

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

☐ **LISTING AGENT ACKNOWLEDGMENT OF RECEIPT OF DUE DILIGENCE FEE**

Paragraph 1(d) of the Offer to Purchase and Contract between Buyer and Seller for the sale of the Property provides for the payment to Seller of a Due Diligence Fee in the amount of $ _____ , receipt of which Listing Agent hereby acknowledges.

Date: _____   Firm: _____ One To One Realty _____

By: _____
(Signature)
Teresa Wilson
(Print name)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

☑ **SELLER ACKNOWLEDGMENT OF RECEIPT OF DUE DILIGENCE FEE**

Paragraph 1(d) of the Offer to Purchase and Contract between Buyer and Seller for the sale of the Property provides for the payment to Seller of a Due Diligence Fee in the amount of $ 500.00 , receipt of which Seller hereby acknowledges.

Date 6-18-19   Seller: _____
(Signature)

Date _____   Seller: _____
(Signature)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

☐ **ESCROW AGENT ACKNOWLEDGMENT OF RECEIPT OF INITIAL EARNEST MONEY DEPOSIT**

Paragraph 1(d) of the Offer to Purchase and Contract between Buyer and Seller for the sale of the Property provides for the payment to Escrow Agent of an Initial Earnest Money Deposit in the amount of $ _____ . Escrow Agent as identified in Paragraph 1(f) of the Offer to Purchase and Contract hereby acknowledges receipt of the Initial Earnest Money Deposit and agrees to hold and disburse the same in accordance with the terms of the Offer to Purchase and Contract.

Date _____   Firm: _____ Doyle & Wallace PLLC _____

By: _____
(Signature)

(Print name)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

☐ **ESCROW AGENT ACKNOWLEDGMENT OF RECEIPT OF (ADDITIONAL) EARNEST MONEY DEPOSIT**

Paragraph 1(d) of the Offer to Purchase and Contract between Buyer and Seller for the sale of the Property provides for the payment to Escrow Agent of an (Additional) Earnest Money Deposit in the amount of $ _____ . Escrow Agent as identified in Paragraph 1(f) of the Offer to Purchase and Contract hereby acknowledges receipt of the (Additional) Earnest Money Deposit and agrees to hold and disburse the same in accordance with the terms of the Offer to Purchase and Contract.

Date _____   Firm: _____ Doyle & Wallace PLLC _____

Time: _____ ☐ AM ☐ PM   By: _____
(Signature)

(Print name)

Page 13 of 13

**STANDARD FORM 2-T**
**Revised 7/2018**
**© 7/2018**

Verjee - 1205 Allen

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com

## ADDENDUM TO – OFFER TO PURCHASE AND CONTRACT

  This Addendum modifies, and is made a part of, the provisions of the Offer to Purchase and Contract ("Contract") executed by United of Carolinas, Inc. (collectively the "Buyer") and A. Burton Shuford, Trustee for the Bankruptcy Estate of VR King Construction, LLC (referred to as the "Seller" or "Trustee") for the purchase and sale of the real property described in paragraph 1(c) of the Contract (the "Property" or "Real Property"). In the event of any conflict between the Contract and this Addendum, this Addendum shall control.

  1. Seller's duty to perform the terms and covenants of this Contract is conditioned upon approval of the United States Bankruptcy Court for the Western District of North Carolina (the "Bankruptcy Court") in the bankruptcy case of VR King Construction, LLC. In the event such approval is not granted, Buyer will receive full and immediate refund of its Deposit and Buyer and Seller will have no duty to consummate the sale and purchase of the Property. Closing shall occur in accordance with the terms of the Contract.

  2. The Property shall be sold "AS IS WHERE IS AND WITHOUT WARRANTIES." The Trustee has not made, does not make and specifically disclaims any representations, warranties, promises, covenants, contracts or guarantees of any kind or character whatsoever, whether express or implied, oral or written, past, present or future, of, as to, concerning, or with respect to: (a) the nature, quality or condition of the Property, including, without limitation, the water, soil and geology; (b) the suitability of the Property for any and all activities and uses which Buyer may conduct thereon; (c) the compliance of or by the Property with any laws, rules, ordinances or regulations of any applicable governmental authority or body; (d) the habitability, merchantability or fitness for a particular purpose of the Property; or (e) the presence of any endangered or threatened species on the Property. WITHOUT LIMITING THE FOREGOING, TRUSTEE DOES NOT MAKE AND HAS NOT MADE ANY REPRESENTATION OR WARRANTY REGARDING THE PRESENCE OR ABSENCE OF ANY HAZARDOUS SUBSTANCE ON, UNDER OR ABOUT THE PROPERTY OR THE COMPLIANCE OR NON-COMPLIANCE OF THE PROPERTY WITH ANY AND ALL FEDERAL, STATE OR LOCAL ENVIRONMENTAL LAWS, ORDINANCES, REGULATIONS, ORDERS, DECREES OR RULES REGULATING, RELATING TO OR IMPOSING LIABILITY OR STANDARDS OF CONDUCT CONCERNING ANY HAZARDOUS SUBSTANCES.

  3. THE OCCURRENCE OF THE CLOSING WILL CONSTITUTE AN ACKNOWLEDGEMENT BY BUYER THAT THE PROPERTY WAS ACCEPTED WITHOUT REPRESENTATION OR WARRANTY, STATUTORY, EXPRESS OR IMPLIED, FROM THE TRUSTEE, AND REGARDING THE TRUSTEE, IN AN "AS IS, WHERE IS, AND WITH ALL FAULTS" CONDITION BASED SOLELY ON BUYER'S OWN INSPECTION THEREOF.

  The Trustee shall convey the interest in the Real Property by a non-warranty trustee's deed. The Property shall expressly be subject to any existing leases of any tenants in place, any assessments for capital improvements, and any existing easements, restrictions and the like. Trustee will, to the extent of funds available at closing, satisfy [i] existing deeds of trust and, [ii] the lien of judgments, past year's ad valorem taxes, tax liens and other liens (except assessments for capital improvements) upon the Property. Trustee shall have no duty to retire any liens which cannot be satisfied from the funds available at closing. In the event all such liens cannot be satisfied from closing, Buyer shall have the option to accept the title "as is" or to terminate the contract and receive a return of its deposit. Buyer acknowledges that Trustee does not possess any title policies, survey, or like title materials.

  4. Submission to Court Approval. Seller will be responsible for filing a motion with the Bankruptcy Court seeking approval of this sale, pursuant to the terms and conditions of this Contract. Seller and Buyer's obligations under this contract are contingent upon approval of this Contract by the Bankruptcy Court.

5. <u>Competing Transactions.</u>  Buyer acknowledges that from the date of this Contract until the hearing date of the Motion to approve this Contract, A. Burton Shuford has a fiduciary duty to consider submission of any inquiries, proposals or offers by any person (in addition to Buyer and its Affiliates, agents and representatives) in connection with any sale or other disposition, directly or indirectly, in one or more transactions of the Real Property or any material portion thereof, whether such transaction is structured as an asset sale, stock sale, merger, recapitalization or otherwise (each a "<u>Competing Transaction</u>").  In addition, from the date hereof until the hearing date, Seller shall have the responsibility and obligation to respond to any inquiries or offers to purchase all or any part of the Real Property and perform any and all other acts related thereto which are required under the Bankruptcy Code or other applicable legal requirements, including without limitation, supplying information relating to the Real Property to prospective Buyers. Seller may cancel his obligations under this Contract should he obtain a higher and/or better offer from a Competing Transaction.

6. <u>Buyer's Rights in a Competing Transaction.</u>  Should the Seller receive an offer by any other third-party ("<u>Third Party</u>") other than Buyer in connection with a Competing Transaction prior to the Hearing Date to approve the Motion, Seller shall notify both the Buyer and Third Party of Seller's intention to receive a final offer which shall be the highest and best offer of all parties interested in the Real Property.  Seller will give all parties three (3) days to submit such an offer, and all parties will be notified of Seller's acceptance of the highest and best offer within 48 hours after submission of the last offer.

7. <u>Expense Reimbursement for Buyer</u>.  If this Agreement is terminated pursuant to Paragraph 5 of this Addendum, then the Buyer shall be deemed to have immediately earned an Expense Reimbursement of $500 in order to reimburse the Buyer for fees owed for expenses incurred under this contract, including, but not limited to inspection of the Property; other professional services; and, legal work in preparation of closing.  Seller hereby acknowledges that expense reimbursement will be allowed as an administrative expense of this bankruptcy estate and paid as such and shall survive the termination of this Contract.

8. <u>Attorney's Fees Provisions.</u>  Any provision in the Contract providing for the payment of attorney's fees shall be amended to include the following language: "Neither the Trustee nor the Debtor's Bankruptcy Estate will be liable for the payment of any attorney's fees or costs until the same is ordered by the United States Bankruptcy Court for the Western District of North Carolina".

| _Sorrayah Veyee_ | 06-17-2019 | | 06/16/19 |
| --- | --- | --- | --- |
| Buyer | Date | Seller | Date |

| | | | |
| --- | --- | --- | --- |
| Buyer | Date | Seller | Date |

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

IN RE:

VR KING CONSTRUCTION, LLC, *et al.,* [1]

Debtor

Case No.  18-31635-LTB
Chapter 7

NOTICE OF MOTION TO SELL REAL ESTATE AT PRIVATE SALE OUTSIDE OF THE
ORDINARY COURSE OF BUSINESS FREE AND CLEAR OF LIENS AND INTERESTS
AND NOTICE OF OPPORTUNITY FOR HEARING

A. Burton Shuford, Trustee, through his attorney, has filed papers with the Court as described above.  A copy of the Motion is attached to this Notice.

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one).**  If you do not want the Court to grant relief requested in the attached Motion, then on or before **14 days from the date of this notice** you or your attorney must file with the Court a written response to the Motion which response must comply with local Bankruptcy Rule 9013-1 at:

Clerk, United States Bankruptcy Court
401 W. Trade Street
Charlotte, NC 28202

If you mail your response to the Court for filing, you must mail it early enough so that the Court will receive it on or before the date stated above.  You must also mail a copy to:

A. Burton Shuford, Esq.
4700 Lebanon Road, Suite A-2
Mint Hill, NC  28227

No hearing will be held on this Motion unless a response is timely filed and served, in which case, the Court will conduct a hearing on **July 17, 2019 at 9:30 a.m.,** at the United States Bankruptcy Court, 401 West Trade Street, Charlotte, North Carolina.  No further notice of this hearing will be given.  If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting the requested relief.

This the 20th day of June, 2019.

/s/ A. Burton Shuford
A. Burton Shuford, NCBN 10035
Attorney for the Trustee
4700 Lebanon Road, Suite A-2
Direct Dial: (980) 321-7000
bshuford@abshuford.com

---

1 This case has been substantively consolidated with the following cases:  VR Investments, LLC 18-31637 and Baranko Enterprise, Inc. 18-31638.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

IN RE:

VR KING CONSTRUCTION, LLC, *et al.,* [1]

Debtor

Case No.  18-31635-LTB
Chapter 7

### CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the *MOTION TO SELL REAL ESTATE AT PRIVATE SALE OUTSIDE OF THE ORDINARY COURSE OF BUSINESS FREE AND CLEAR OF LIENS AND INTERESTS AND NOTICE OF OPPORTUNITY FOR HEARING* by either Electronic Case Filing or Facsimile or by depositing copies of same in the exclusive care and custody of the United States Postal Service, with proper postage thereto affixed, addressed to the parties listed below and to those as listed on the attached Exhibit A:

Shelley K. Abel, US Bankruptcy Administrator          VIA ELECTRONIC CASE FILING

Robert Lewis, Jr., Counsel for Debtor                       VIA ELECTRONIC CASE FILING

VR King Construction, LLC
c/o Vinroy Reid
626 Char-Meck Lane
Charlotte, NC 28205

Teresa Wilson
One to One Realty
6617 Alexander Road
Charlotte, NC 28270

This the 20th day of June, 2019.

    /s/ A. Burton Shuford
A. Burton Shuford, NCBN 10035
Attorney for the Trustee
4700 Lebanon Road, Suite A-2
Direct Dial: (980) 321-7000
bshuford@abshuford.com

---

1 This case has been substantively consolidated with the following cases:  VR Investments, LLC 18-31637 and Baranko Enterprise, Inc. 18-31638.

Label Matrix for local noticing
0419-3
Case 18-31635
Western District of North Carolina
Charlotte
Thu Jun 20 14:42:42 EDT 2019

Charlotte Division
401 West Trade Street
Charlotte, NC 28202-1633

U.S. Bankruptcy Administrator Office
402 W. Trade Street
Suite 200
Charlotte, NC 28202-1673

VR King Construction, LLC
626 Char-Meck Lane
Charlotte, NC 28205-7245

CHS University Parent Hospital (NPO)
c/o PMAB, LLC
4135 S. Stream Blvd., Ste. 4
Charlotte, NC 28217-4523

CHS Urgent Care-Eastland (NPO)
c/o PMAB, LLC
4135 S. Stream Blvd., Ste. 4
Charlotte, NC 28217-4636

CMG Eastland Urgent Care (NPO)
c/o PMAB, LLC
4135 S. Stream Blvd., Ste. 4
Charlotte, NC 28217-4636

Capital One (NPO)
15000 Capital One Dr.
Richmond, VA 23238-1119

Carolina Pathology Clinical (NPO)
c/o Financial Data Systems
1638 Military Cutoff Rd.
Wilmington, NC 28403-5751

Chase
710 S. Ash St., Ste. 200
Glendale, CO 80246-1989

Chase
P. O. Box 24696
Columbus, OH 43224-0696

Chrysler Capital (NPO)
Attn: Bankruptcy Dept.
P. O. Box 961278
Fort Worth, TX 76161-0278

City of Charlotte
P. O. Box 1316
Charlotte, NC 28201-1316

David G. Guidry
Rabon Law Firm, PLLC
225 E Worthington Avenue Suite 100
Charlotte NC 28203-4868

Duke Energy
c/o Online Collections
P. O. Box 1489
Winterville, NC 28590-1489

Duke Vinyl Products, Inc.
304 W. 32nd St.
Charlotte, NC 28206-2278

Fern E. De Jonge, Esq. (NPO)
7718 Flatlands Ave., 2nd Fl.
Brooklyn, NY 11236-3528

Hazelyn Mills
7329 Boswell Rd.
Charlotte, NC 28215-4502

Home Depot
2455 Paces Ferry Rd.
Atlanta, GA 30339-6444

Internal Revenue Service
P.O. Box 7317
Philadelphia, PA 19101-7317

Internal Revenue Service (NPO)
Centralized Insolvency Operation
PO Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service (NPO)
Teresa Driver
1677 Westbrook Plaza
Winston-Salem, NC 27103-3065

JPMorgan Chase Bank, N.A.
P. O. Box 47020
Atlanta, GA 30362-0020

James H. Henderson
The Henderson Law Firm
1120 Greenwood Cliff
Charlotte, NC 28204-2821

Jenny Holman
5970 Fairview Road, Suite 650
Charlotte, NC 28210-2100

Marty E. King
5054 Gatsby Cir.
Rock Hill, SC 29732-7909

Mecklenburg County Tax Collector
Bob Walton Plaza
700 E. Stonewall St.
Charlotte, NC 28202-2780

Mid-Atlantic Emergency Medical (NPO)
c/o Optimum Outcomes, Inc.
2651 Warrenville Rd.
Downers Grove, IL 60515-5544

Miranda Reid (NPO)
3054 Chaffey Cir.
Decatur, GA 30034-4308

NY State Dept. of Taxation and Finance (NPO)
Civil Enforcement Division
W. A. Harriman Campus
Albany, NY 12227-0001

North Carolina Department of Revenue
Bankruptcy Unit
P.O. Box 1168
Raleigh, NC 27602-1168

North Carolina Department of Revenue (NPO)
301 McCullough Drive
Charlotte, NC 28262-3310

North Carolina Department of Revenue (NPO)
P.O. Box 871
Raleigh, NC 27602-0871


Ocwen
P. O. Box 24738
West Palm Beach, FL 33416-4738

Thais Patricia Moran (NPO)
6740 Vernedale Glen Dr.
Charlotte, NC 28212-8438

U.S. Securities Exchange
Office of Reorganization
950 East Paces Ferry Road, N.E.
Suite 900
Atlanta, GA 30326-1382


Verol Reid
2556 Brentwood Pl.
Charlotte, NC 28208-7048

Vinroy W. Reid
P.O. Box 5035
Charlotte, NC 28299-5035

WGIV 1370 AM (NPO)
Home Builder
9349 China Grove Ch. Rd.
Pineville, NC 28134-8531


Wells Fargo Card Services Visa (NPO)
P. O. Box 10347
Des Moines, IA 50306-0347

Y2 Yoga (NPO)
212 S. Tryon St., Ste. 375
Charlotte, NC 28281-0033

Y2 Yoga Cotswold, LLC
James H. Henderson
The Henderson Law Firm
1120 Greenwood Cliff
Charlotte, NC 28204-2821


A. Burton Shuford
4700 Lebanon Road,
Suite #A-2
Mint Hill, NC 28227-8265

Edward P. Bowers
219-A Wilmot Dr.
Gastonia, NC 28054-4048

Robert Lewis Jr
The Lewis Law Firm, P.A.
434 Fayetteville Street
Suite 2330
Raleigh, NC 27601-1831


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Teresa Wilson
One to One Realty

(u)Y2 Yoga Cotswold, LLC

(d)U.S. Bankruptcy Administrator Office
402 W. Trade Street
Suite 200
Charlotte, NC 28202-1673


End of Label Matrix
Mailable recipients    44
Bypassed recipients     3
Total                  47