

FILED & JUDGMENT ENTERED
Steven T. Salata

August 7 2019

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_Laura T Beyer_
Laura T. Beyer
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| IN RE: | |
|---|---|
| VR KING CONSTRUCTION, LLC, *et al.*,[1] | Case No. 18-31635-LTB<br>Chapter 7 |
| Debtor | |

ORDER AUTHORIZING TRUSTEE TO SELL REAL ESTATE AT
PRIVATE SALE OUTSIDE OF THE ORDINARY COURSE OF BUSINESS
FREE AND CLEAR OF LIENS AND INTERESTS PURSUANT TO 11 U.S.C. §363

THIS CAUSE coming on to be heard and being heard before the undersigned Judge of the Bankruptcy Court for the Western District of North Carolina upon the Trustee's *SECOND MOTION TO SELL REAL ESTATE AT PRIVATE SALE OUTSIDE OF THE ORDINARY COURSE OF BUSINESS FREE AND CLEAR OF LIENS AND INTERESTS PURSUANT TO 11 U.S.C. §363* (the "Motion") filed with this Court on July 17, 2019 at Docket No. 171, related to certain real property owned by the Debtor, having a property address of **7407 Boswell Rd., Charlotte, North Carolina, 28215 (Mecklenburg County),** (the "Real Property"), and it appearing that due and proper notice of the Motion was given to all creditors and parties in interest, and it further appearing that no objections to the Motion were filed with the Court as required by the notice and the Court having reviewed the Motion, and other papers in the file before the Court, the Court makes the following

FINDINGS OF FACT

1.    The Debtor filed a petition under Chapter 11 of the United States Bankruptcy Code with the Bankruptcy Court for the Western District of North Carolina on October 31, 2018. On April 11,

---

[1] This case has been substantively consolidated with the following cases: VR Investments, LLC 18-31637 and Baranko Enterprise, Inc. 18-31638.

2019, the case was converted to Chapter 7 and A. Burton Shuford was appointed trustee in said Chapter 7 case.

2.  The Debtor, as of the commencement of this case, was the owner of the Real Property.

3.  The Real Property may be subject to a certain judgment in favor of Y-2 Yoga Cotswold, LLC ("Y-2 Yoga"), entered in the case styled: Y-2 Yoga Cotswold, LLC v. Vinroy W. Reid, et al., 16-CVS-23179, filed on February 8, 2019 in the office of the Clerk of Superior Court for Mecklenburg County, NC in the original principal amount of $396,649.57 (the "Judgment").

4.  The Court by its *Order Authorizing Trustee to Sell Real Estate at Private Sale Outside of the Ordinary Course of Business Free and Clear of Liens and Interests Pursuant to 11 U.S.C. §363* (the "Sale Order") entered on June 28, 2019 at Docket No. 167 authorized the sale of the Real Estate to Odaly Madely Martinez Pineda ("Pineda"). Pineda refused to close the sale authorized by the Court. Although the sale did not close due to the fault of the Trustee or the Estate, the Trustee cancelled the Pineda contract so that this sale, which is on terms which are essentially identical to those of the Pineda contract, could proceed.

5.  The Trustee has entered into an Offer to Purchase and Contract (the "Contract") whereby he has agreed to sell the Real Property to Maria De Los Angeles Cruz Carcamo (the "Buyer") for a total purchase price of $150,000.00 (the "Purchase Price"). A copy of the Contract was attached to the Motion as Exhibit "A".

6.  Pursuant to the terms of the sale and the Exclusive Right to Sell Listing Agreement entered into with Teresa Wilson of One to One Realty, which has been approved by the Court, the Estate is obligated to pay a real estate commission to Teresa Wilson equal to six (6%) percent of $150,000.00, the gross sales price of the Real Property.

7.  The Trustee requests authority to pay from the proceeds of the Real Property at the closing, Deed tax stamps; prorated 2019 ad valorem taxes; and any other costs necessary to deliver marketable title.

8.  The Trustee also requests that he be allowed to make concessions to the Buyer or pay other costs, repairs or other items necessary to close the sale of the Real Property which are unknown at the time of the filing of this motion to sell (the "Unknown Costs"), without further order of this Court, provided the unknown costs total less than Two percent (2%) of the total sales price of the Real Property.

9.  Section 363 (b) of the Bankruptcy Code provides that a trustee "may use, sell, or lease, other than in the ordinary course of business, property of the estate." See 11 U.S.C. § 363(b). Section 363(f) of the Bankruptcy Code provides that a trustee may sell property under section 363(b) free and clear of any interest in such property of an entity other than the estate if, among other reasons, the entity consents. See 11 U.S.C. § 363(f) (2). Y-2 Yoga has indicated, through its counsel James H. Henderson, that it has no objection to the relief requested in this Motion.

10. The Buyer is a good faith buyer pursuant to 11 U.S.C. § 363(h).

11. The Trustee believes that the proposed sale is in the best interest of the Estate and its creditors.

NOW THEREFORE, it is ORDERED as follows:

1. That the Motion is GRANTED and the sale as proposed by the Trustee is APPROVED and the Trustee is authorized to execute a deed and other documents necessary to close the sale;

2. That the sale of the Real Property shall be free and clear of all liens and interests with the liens and interests, if any, to attach to the net proceeds of the sale in the same order and priority as they attached to the Real Property;

3. That the Trustee hereby is authorized to pay the ordinary and usual closing costs, including pro-rated 2019 ad valorem taxes; and any other costs necessary to deliver marketable title;

4. That the Trustee is hereby authorized to make concessions to the Buyer or pay the Unknown Costs, without further order of this Court, provided the unknown costs total less than Two Percent (2%) of the total sales price of the Real Property;

5. That the real estate commission of Teresa Wilson of One to One Realty in the amount of $9,000.00 is hereby approved and the Trustee is hereby authorized to pay the real estate commission to Teresa Wilson in that amount;

6. That the Buyers are good faith buyers pursuant to 11 U.S.C. § 363(h); and,

7. That this Order shall be immediately effective and the provisions of Bankruptcy Rule 6004(g) staying the order allowing this sale for fourteen days shall not apply to this transaction.

This Order has been signed electronically.   United States Bankruptcy Court
The judge's signature and court's seal
appear at the top of the Order.