FILED & JUDGMENT ENTERED
Steven T. Salata

September 6 2019

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_Laura T Beyer_
Laura T. Beyer
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| In re:<br><br>VR KING CONSTRUCTION, LLC, et al.<br><br>Debtors[1] | Case No. 18-31635<br>Chapter 7 |

### ORDER DENYING DEBTORS' MOTION REQUESTING RECONSIDERATION OF ORDER GRANTING MOTIONS TO CONVERT CASE TO CHAPTER 7 AND DENYING MOTION FOR ORDER REQUIRING TURNOVER, ESCROW OR PROHIBITING USE OF INSURANCE PROCEEDS COVERAGE [Doc. Nos. 115, 125]

This matter came before the Court on August 28, 2019 on the Debtors' Motion Requesting Reconsideration of Order Granting Motions to Convert Case to Chapter 7 and Denying Motion for Order Requiring Turnover, Escrow or Prohibiting Use of Insurance Proceeds Coverage (the "Motion"). Responses and objections to the Motion were filed by A. Burton Shuford, Chapter 7 Trustee ("Trustee") [Doc. No 132], the United States Bankruptcy Administrator for the Western District of North Carolina (the "Bankruptcy Administrator") [Doc. No. 143], and Y2 Yoga Cotswold, LLC ("Y2") [Doc. No. 146]. Appearing at the hearing were Robert Lewis on behalf of the Debtors; Shelley Abel, Bankruptcy Administrator; the Trustee; and James Henderson on behalf of Y2.

Based on the record and the arguments of counsel, the Court makes the following:

---

[1] This case has been substantively consolidated with the following cases: VR Investments, LLC (18-31637) and Baranko Enterprises, Inc. (18-31638).

## FINDINGS OF FACT

1. The Debtors filed the affidavit of Christopher J. Campbell and Michael D. Umberger with the Motion (the "Affidavits"). Both of the Affidavits were dated April 24, 2019. When counsel for the Debtors mentioned the Affidavits at the August 28 hearing, Y2 objected to them as inadmissible hearsay, and the Court sustained its objection.

2. No witnesses were called by the Debtors in support of the Motion.

3. Of 54 paragraphs in the Motion, approximately 38 related to alleged actions, inactions or failures by John Woodman ("Woodman") or Keith Johnson ("Johnson"),[2] or the testimony of Vinroy Reid ("Reid")[3] concerning what documents were or were not reviewed or signed by him. An additional 7 paragraphs related to the Affidavits dated April 24, 2019, which the Debtors attempted to use to rebut the testimony of Woodman and Johnson, and which the Court ruled were inadmissible.

4. Although the Motion uses language inferring that the Affidavits have previously been introduced (i.e. ". . . Campbell . . . provided an affidavit . . .," Paragraph 40 of the Motion), the Affidavits were executed after the March 27, 2019 and April 1, 2019 hearings on the Motion to Convert. Several remaining paragraphs related to the Debtors' argument that the Court should not have allowed attorney David Guidry to testify, which is not relevant to the analysis of the Motion.

5. The arguments raised in the Motion were, or could have been, raised at the prior hearings. The Debtors had the opportunity to call the affiants as witnesses at those hearings but did not.

6. The Court is unable to make any new findings of fact related to the Motion.

7. The Trustee had been in place for 139 days as of the date of the hearing on the Motion. The Trustee has hired professionals and has commenced the liquidation of assets. In addition, Reid's Chapter 13 case was converted to one under Chapter 7 by Consent Order entered on August 19, 2019. The Trustee for the Debtors is also the Trustee for Reid. Because Reid is the sole owner of the Debtors, were the Motion to be granted, the Trustee would still control the Debtors.

Based on the foregoing, the Court makes the following:

---

[2] Former counsel for the Debtors and Vinroy Reid, respectively.

[3] The sole owner and member manager of the consolidated Debtors.

## CONCLUSIONS OF LAW

8. The precise legal basis for the Motion is unclear. It is the Debtors' burden to establish that there is a basis for the relief sought, and that burden has clearly not been met. The Motion is vague, particularly with respect to the subparts of Rules 59 and 60 which are allegedly applicable.[4] The Debtors are putting the Court and parties in interest in a position of making a time consuming and inefficient analysis of the Motion under each potential basis, which amounts to a trial and error test of the possible grounds for relief. As a result, the proper authority for "reconsideration" remains uncertain.

9. It is not "reconsideration" (as here) to present the same arguments to the same court and expect a different outcome; it is not "reconsideration" (as here) when a litigant thinks a court reached the wrong conclusion and would like a second opinion.

10. There is no legal or factual support shown for the allegation in Paragraph 47 of the Motion that the former attorneys for Reid and the Debtors "may have committed a fraud upon the court as enumerated in Rule 60 . . . which the Debtors believe is grounds to provide them with a new trial and or provide relief from the Order."

11. There is no legal or factual support shown for the allegation in Paragraph 49 of the Motion that "the Court has the power under § 105 of the Bankruptcy Code to set aside the Order based upon the Court's equitable powers and the impending irreparable harm the Debtors, may suffer as a result of Debtors' counsel's misleading statements to the Court."

12. The crux of the Debtors' argument appears to be that alleged actions or inactions of former counsel for Reid and the Debtors provides grounds for reconsideration of the conversion order.

13. Federal Rule of Civil Procedure 60(b) provides:

(b)     Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

---

[4] The Motion states in part that: 1) the "Debtors believe that pursuant to Bankruptcy Rule 9024 and Rule 60 of the Federal Rules of Civil Procedure their Motion For Reconsideration falls under the any other reasons justifying relief from the Court exception . . . ," and 2) "The Debtor believes that the Court has the power under § 105 of the Bankruptcy Code to set aside the Order based upon the Court's equitable powers and the impending irreparable harm the Debtors, may suffer as a result of Debtors' counsel's misleading statements to the Court." However, the Motion does not provide any legal support for the Debtors' beliefs.

(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

14. To prevail on a motion under Rule 60(b), "a party must demonstrate (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 2017 WL 2507729, at 2 (4th Cir. June 12, 2017); *Heyman v. M.L. Mktg. Co.*, 116 F.3d 91, 94 n. 3 (4th Cir. 1997); *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993); *Dowell v. State Farm Fire Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993); *see also Ackermann v. United States*, 340 U.S. 193, 199 (1950). If these threshold requirements are met, the court examines whether "any other reason . . . justifies relief" under Rule 60(b)(6). *See Dowell*, 993 F.2d at 48.

15. The Debtors do not meet its burden to show that the threshold requirements are met. Given the number of days the Trustee has been in place, the Motion is not timely.

16. The Debtors do not have a meritorious defense. The Court heard lengthy testimony regarding the alleged actions, inactions and failures of Johnson and Woodman at the hearings on March 27, 2019 and April 1, 2019, and took that testimony into consideration in its April 11, 2019 Order converting the cases to a Chapter 7. Therefore, allegations regarding the actions and inactions of Johnson and Woodman cannot serve as a basis to support the Motion.

17. The Motion does not address the lack of unfair prejudice to the opposing party.

18. The Debtors' arguments concerning its former counsel do not present "extraordinary circumstances" beyond the Debtors' control because the Debtors are chargeable with counsel's conduct. Under Fourth Circuit precedent, a client is ordinarily chargeable with his counsel's negligent acts.

19. Clients are "considered to have notice of all facts known to their lawyer agent." *Ringgold Corp. v. Worrall*, 880 F.2d 1138, 1141 42 (9th Cir.1989). Because the client is presumed to have voluntarily chosen the lawyer as his representative and agent, he ordinarily cannot later avoid accountability for negligent acts or omissions of his counsel. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

20. Even if the Debtors had successfully shown the Court at the hearing that it had crossed the initial threshold, it would then had to have shown that the relief sought satisfied one of the six specific sections of Rule 60(b). *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984). The Debtors are likewise unable to satisfy any of those sections.

21. Rule 60(b) ". . . does not authorize a motion merely for reconsideration of a legal issue." *United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982). "Where the motion is nothing

more than a request that the . . . court change its mind . . . it is not authorized by Rule 60(b)." *Id*. at 313. And, "'[i]t is a well settled principle of law that a Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal.'" *Wells Fargo*, 2017 WL 2507729, at 3 (*citing Dowell v. State Farm Fire and Cas. Auto Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)) (alteration added).

22. Reconsideration is "an extraordinary remedy which should be used sparingly, and a motion for reconsideration is not intended to allow a party to relitigate matters the court has previously heard." *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Relief pursuant to Rule 60(b)(6) may only be granted under extraordinary or exceptional circumstances. *Grace v. Bank Leumi Trust Co.*, 443 F.3d 180, 190 n. 8 (2d Cir. 2006); *DeWeerth v. Baldinger*, 38 F.3d 1266, 1272 (2d. Cir. 1994); *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d. Circ. 1986).

23. Subsection (b)(6) is properly invoked only when the "asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule." *In re Calpine Corp.*, 363 B.R. 709, 711 (Bankr. S.D.N.Y. 2007). The grounds for Rule 60(b)(6) relief are distinct from the grounds for the first five provisions; by definition, a set of circumstances qualifying for, say, the excusable neglect provision of Rule 60(b)(1) could not qualify for Rule 60(b)(6) relief. See 12 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE 60.48[2] (3d ed. 2004); *Darden v. Dandridge*, 1991 U.S. Dist. LEXIS 12667, at 6 (D. D.C. June 13, 1991). To read Rule 60(b)(6) as not being distinct would dramatically undercut the efficacy of the first five. *See* MOORE, supra, § 60.48[2]. As one court succinctly stated, "clause (6) may not be used as a vehicle for circumventing clauses (1) through (5)." *Id*. at n.5 (citations omitted).

24. The Debtors argued that 11 U.S.C. § 105 is an additional basis to reconsider the Court's order, and that the Debtors would be "irreparably harmed." Irreparable harm is not a factor in the Rule 60(b) analysis. Even if it was, corporate debtors are not "irreparably harmed" by paying its debts in accordance with the Bankruptcy Code. Due to the lack of income, it appears that the Debtors' cases would have to be liquidating Chapter 11 cases in order to be confirmed. The treatment of creditors' allowed claims would be virtually the same in 11 or 7.

WHEREFORE, based on the foregoing, the Debtors' Motion for Reconsideration should be and hereby is denied.

This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of the Order.

United States Bankruptcy Court