# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# NO. 3:19-cv-472-GCM

|  |  |  |
|---|---|---|
| **VR King Construction, LLC,** | ) ) ) | |
| **Appellant,** | ) ) | |
| v. | ) ) | **ORDER** |
| **Y2 Yoga Cotswold, LLC, et al.,** | ) ) | |
| **Appellees.** | ) | |

**THIS MATTER IS BEFORE THE COURT** on US Bankruptcy Administrator – Charlotte and Y2 Yoga Cotswold, LLC's (together, "Appellees") Joint Motion to Dismiss Appeal (Doc. No. 14). On April 11, 2019, the bankruptcy court below converted this case from a Chapter 11 to a Chapter 7 bankruptcy and appointed A. Burton Shuford as Trustee of VR King Construction, LLC, Baranko Enterprises, Inc., and VR Investments, LLC (collectively, "Debtor"), all of which are solely owned by Vinroy Reid. (Doc. No. 1-1, at 1). Debtor requested reconsideration of the decision to convert the case and was denied on September 6, 2019. (Doc. No. 1-2, at 1). Debtor then appeared before this Court to appeal the conversion decision. (Doc. No.1, at 1). Appellees oppose, arguing that only the Trustee, not Debtor (hereafter, "Appellant"), has standing to appeal the conversion decision.

"Standing represents a jurisdictional requirement which is open to review at all stages of the litigation." *National Organization For Women, Inc. v. Scheidler*, 510 U.S. 249, 255, 114 S. Ct. 798, 802, 127 L. Ed. 2d 99 (1994). "Appellate standing in a bankruptcy proceeding is limited to those 'persons aggrieved' by an order. [That] language was derived from section 39(c) of the Bankruptcy Act of 1898, 11 U.S.C. § 67(c) (1976) (repealed 1978)." *Land-O-Sun Dairies v. Pine*

*State Creamery Co.*, 200 B.R. 125, 126 (E.D.N.C. 1996). Though that language was later repealed, "courts have maintained it as a prudential standard allowing only those who have been directly and adversely affected pecuniarily to appeal bankruptcy court orders." *Id.* (citing *In Re Fondiller*, 707 F.2d 441, 443 (9th Cir. 1983)). "The general rule evolved that only the *trustee* has standing to appeal from a bankruptcy court order." *Id.* (citing *Matter of Carbide Cutoff, Inc.*, 703 F.2d 259, 264 (7th Cir. 1983)) (emphasis added). "There are two exceptions to this general rule: 1) if a successful appeal by the debtor would create an estate that has assets in excess of liabilities, *York Intern. Building, Inc. v. Chaney*, 527 F.2d 1061 (9th Cir. 1954), and 2) an appeal taken from orders that affect the terms, conditions and extent of a debtor's discharge, *Abel v. Campbell*, 334 F.2d 339 (5th Cir. 1964)." *In re El San Juan Hotel*, 809 F.2d 151, 155 n.6 (1st Cir. 1987).

Here, Appellant is the Debtor, not the Trustee, and, thus, Appellant generally would not have standing to appeal the conversion order below. *Land-O-Sun Dairies*, 200 B.R. at 126. Appellant seeks to avoid that outcome by arguing that that an exception applies here because "Appellant is solvent…[,] has in excess of $3,000,000.00 in assets[,] and has less than $700,000.00 in debt." (Doc. No. 16, at 3). In support, Appellant cites vaguely to testimony "at the hearings," failing to direct this Court's attention to an specific portion of the record. (Doc. No. 16, at 3). Nevertheless, after reviewing the record below, the Court finds that the bankruptcy court declined to adopt many of Appellant's assertions regarding the value of its assets. For example, the bankruptcy court found that there was "no evidence" to support Mr. Reid's "convenient and hopeful" testimony as to the value of its rental properties. (Doc. No. 1-1, at 2). The court also discounted Reid's assertion that it would earn additional income due to an alleged contract between VR King and an Atlanta restaurant, because Reid failed to provide a written contract. (Doc. No. 1-1, at 3). Similarly, the bankruptcy court found that there was no evidence from which it could

determine the value of a project Appellant alleged to have undertaken in New York. (Doc. No. 1-1, at 4). The bankruptcy court also dismissed Appellant's arguments that the schedules filed in its case did not accurately reflect the fair market value of its assets, because counsel for Appellant testified that they had performed extensive research when creating the tables and that Mr. Reid had advised them that the documents were accurate. (Doc. No. 1-1, at 4).

The Court declines to adopt Appellant's inflated assessment of its assets. Because Appellant has failed to show that its assets are in excess of its liabilities, Appellant lacks standing to appeal the bankruptcy order below. Consequently, the Court need not address Appellees' remaining arguments and motions for dismissal of the appeal. Appellees' Joint Motion to Dismiss Appeal (Doc. No. 14) is **GRANTED**. Y2 Yoga Cotswold, LLC's Motion to Dismiss Appeal (Doc. No. 4) is **MOOT**, and A. Burton Shuford's Motion to Dismiss Appeal (Doc. No. 6) is **MOOT**. Accordingly, this appeal is **DISMISSED**.

**SO ORDERED**.

Signed: June 30, 2020

Graham C. Mullen
United States District Judge