IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| V.R. KING CONSTRUCTION, LLC ) | |
| DEBTOR ) | Chapter 7 |
| ) | Case NO.: 18- 31635 |
| ) | |
| ) | |
| In re: ) | |
| ) | Chapter 7 |
| VINROY REID ) | Case No. 18-31436 |
| ) | |
| DEBTOR ) | |

## STATEMENT OF ISSUES ON APPPEAL

NOW COMES, Appellants and show unto this Court its Statements of Issues on Appeal and states as follows:

The Statement of Issues on Appeal includes the following:

***ORDER OVERRULING OBJECTIONS TO CLAIM***

a. Whether the Court erred when it deferred its ruling on the issues raised pursuant to 11 U.S.C. § 506(b).

b. Whether the Court erred when it found that Y2 Yoga could recover attorney fees in excess of the judgment amount if $396,649.57, under 6-21.6(f) which states that the award of reasonable attorney fees may not exceed the amount in controversy which Appellant believes is the amount the jury awarded in state court.

c. Whether the Court erred when it ruled that the attorney fees of Horack Tally and David Guidry are pre-petition fees that are not prohibited pursuant to Summit Bridge.

d. Whether the Court erred when it concluded that Y2 Yoga's attorney fees are reasonable without addressing the reasonableness of said fees under 506(b).

e. Whether the Court erred when it found as matter of law that the contract was a reciprocal attorney fees clause that applied to attorney fees that were accrued in the bankruptcy proceeding.

f. Whether the Court erred when it failed to ascertain the intent of the parties as it relates to indemnity provision in the contract and whether it was meant to cover attorney fees accrued in a separate bankruptcy proceeding to collect a judgment awarded in state court.

g. Whether the Court erred when it determined the reasonableness of attorney fees under § 506(b) without determining whether the creditor was over secured because under § 506(b), any reasonable attorney fees are allowed to the extent that a secured claim is over secured.

h. Whether the Court erred when it failed to take into account the testimony of Attorney Christopher Campbell state court legal counsel for Appellant-Debtor who litigated the matter against David Guidry as it relates to the reasonableness of the attorney fees pursuant to §506(b) including (1) the time and labor required, (2) the novelty and difficulty questions presented, (3) the preclusion of other employment by the lawyer due to the acceptance of the case, (4)the customary fee for similar work, (5) the contingency of the fee, (6) the tine and pressure imposed upon the case, (7) the skilled required, (8) the award involved and the results obtained , (9) the experience, reputation and ability of the lawyer, (10) the undesirability of the case, (11) the nature and length of the professional relationship and the client, and (12) the fee award made in a similar cases.

i. Whether the Court erred when it ruled that the attorney fees were reasonable under §6-21.6.

j. Whether the Court erred when it relied on the chart attached as Exhibit A to the Amended and Supplemental Declaration of David G. Guidry ("Chart") that provides a summary comparison of

the factors set forth in §6-21.6 and in Abrams to find that the attorney fees for Guidry, Henderson and Horack Talley were reasonable.

k. Whether Court erred when it relied on the testimony of Randy Matz one of Y2 Yoga's investors, who testified he was pleased with the results of the case in determining that the case was litigated successfully, even though Y2 Yoga was seeking 2.3 million dollars and alleged 12 causes of action, but was only successful on one cause of action, and received a judgment for $396.649.57. which was less than 20% of what they were seeking.

l. Whether the Court erred when if found that the Bankruptcy Attorney fees relative to Y2 Yoga's success in the bankruptcy were reasonable because of its success in the bankruptcy, and Horack Talley's attorney fees were reasonable because their work on the initial state court case that was dismissed, contributed to Y2 Yoga's successful state court verdict.

m. Whether the court erred in ruled that the attorney fees were reasonable based upon the difficulty and novelty of the case because the lien attachment issues, multiple parties involved, the initial state court case that was dismissed was designated as a Rule 2.1 case. Even though the second state court lawsuit where the Judgment was awarded wasn't designated a 2.1 case.

n. Whether the court erred when it ruled that attorney fees were reasonable based upon the skill time and labor expended, when Mr. Campbell state court counsel for the Appellants testified that the case was a simple breach of contract case and Guidry made the case extremely complicated by alleging 11 additional causes of actions.

o. Whether the court erred when it found that Y2 Yoga was not in strong relative economic picture compared to the Debtor after utilizing Y2 Yoga's financial condition after the post construction contract litigation, when the Court should have examined the financial condition of the parties at the time of negotiating the contract. The Court relied on Y2 Yoga's balance sheet tha was prepared at the time of the hearing.

p. Whether the Court erred when it relied on the testimony of Matz to determine that the attorney fees were reasonable when Matz, an investor who was not an officer, who legally didn't have settlement authority, testified that he made several offers to settle prior to Y2 Yoga initiating litigation. Matz did not testify he initiated the litigation nor did he sign the construction contract, the state court complaint, the second complaint or the retainer agreements for Horack Talley or David Guidry.

q. Whether the Court erred when it determined that the attorney fees were reasonable even though Christopher Campbell and the Debtor testified about their numerous attempts to settle the case during mediation, immediately before trial, during trial and after trial during the bankruptcy proceeding. Guidry testified that he didn't remember any offers of settlement during mediation and trial and subsequently testified that he recalled one settlement offer during an eight hour mediation.

r. Whether the Court erred when she found that Reid's offer of $50,000.00 in cash and a $600,000.00 bankruptcy claim settlement was a worthless offer when the Judge states in the Order being appealed that there is $2,000,000.00 in property to secure the judgment and she believes the Debtor to be solvent.

s. Whether the Judge erred when she found that the attorney fees were reasonable in terms of the Construction Agreement when she relied on her ruling in her December 2, 2020, Order determining that the indemnity provision is a valid and enforceable reciprocal attorney fees provision under 6-21.6, allowing for the payment of bankruptcy attorney fees, even though the indemnity provision states "the parties hereto agree to indemnify and hold harmless the non-breaching party against any claims, damages or penalties (including outside legal reasonably incurred) arising out of the breaching party's breach or alleged breach if any agreement, representation and warranty of this agreement."

t. Appellant contends the Court erred when it found that the collection of attorney fees in bankruptcy court, after the state court judgment was entered in state court, where attorney fees were pled in the state court complaint, but never pursued, arose out of the breaching parties breach of the agreement.

u. Whether the Court erred when it found that attorney fees were reasonable when they exceeded the amount of the judgment by $100,000.00.

v. Whether the Court erred when it ruled that attorney fees were reasonable when Y2 Yoga attempted to collect attorney fees that accrued in state court litigation based on a state court judgment, when Y2 Yoga pled attorney fees in its state court complaint, but refused to pursue their accrued state court attorney fees in state court, and decided to file a lawsuit in bankruptcy to collect its state attorney fees in bankruptcy court.

This the 11th day of August, 2021,

THE LEWIS LAW FIRM, PA.

/s/Robert Lewis, Jr.
ROBERT LEWIS, JR.
Attorney for Debtor
NC Bar # 35806
PO B0x 1446
Raleigh, NC  27602
Telephone: 919-719-3906
Facsimile: 919-5739161
rlewis@thelewislawfirm.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| V.R. KING CONSTRUCTION, LLC ) | |
| DEBTOR ) | **Chapter 7** |
| ) | **Case NO.:  18- 31635** |
| ) | |
| ) | |
| In re: ) | |
| ) | **Chapter 7** |
| VINROY REID ) | **Case No. 18-31436** |
| ) | |
| DEBTOR ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that I this day have served a copy of former Counsel for the Debtor's

**STATEMENT OF ISSUES ON APPEAL**

To all the other parties listed below electronically via CM/ECF, e-mail or by depositing a copy thereof in an envelope bearing sufficient postage in the United States mail, as indicated below, this 11th day of August, 2021.

Shelley K. Abel
Bankruptcy Administrator  (via ECF)
402 West Trade Street
Suite 200
Charlotte, NC 27601
Tel: 704-3507590
Fax: 704-344-6666

James H. Henderson (via ECF)
1120 Greenwood Cliff
Charlotte NC 28202-2826
Tel: 704-333-3444

Fax: 704-333-5003

A. Burton Shuford (via ECF)
4700 Lebanon Road, Suite A-2
Mint Hill, NC 28227
Tel: (980) 321-7005
Fax: (704) 943-1152

Vinroy W. Reid (via U.S. Mail)
P.O. Box 5035
Charlotte, North Carolina 28229

This the 11th day of August, 2021.

    THE LEWIS LAW FIRM, PA.

    /s/Robert Lewis, Jr.
    ROBERT LEWIS, JR.
    Attorney for Debtor
    NC Bar # 35806
    PO Box 1446
    Raleigh, NC  27602
    Telephone: 919-719-3906
    Facsimile: 919-5739161
    rlewis@thelewislawfirm.com
    N.C. State Bar no: 35806