UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE:<br><br>VR KING CONSTRUCTION, LLC, *et al.,* [1]<br><br>Debtor | Case No. 18-31635-LTB<br>Chapter 7 |

RESPONSE TO MOTION FOR STAY PENDING APPEAL

NOW COMES the Trustee, A. Burton Shuford, by and through his undersigned attorney, and objects to the *Motion For Stay Pending Appeal* (the "**Motion**") [ECF No. 353] of VR King Construction, LLC ("**VR King**")[2] and in support thereof, he respectfully shows unto the Court the following:

1. The Motion seeks relief under Bankruptcy Rules 7062, 8005 and 9014, none of which authorize this Court to grant the relief which appears to have been requested by VR King:

    a. Bankruptcy Rule 7062 – does not apply to contested matters unless the Court so orders. No such order has been entered by this Court.

    b. Bankruptcy Rule 8005 – is entitled *Election to Have an Appeal Heard by the District Court Instead of the BAP*. This rule does not allow for stays and our District does not have a BAP.

    c. Bankruptcy Rule 9014 – has no stay provision.

2. The appropriate Bankruptcy Rule under which Appellant should have moved this Court is Bankruptcy Rule 8007, entitled *Stay Pending Appeal*.

3. Collier on Bankruptcy states regarding a stay under B.R. 8007:

    In determining whether a discretionary stay under Rule 8007 should be granted, most courts have adopted the standard used in determining whether to grant a preliminary injunction: (1) the likelihood that the party seeking the stay will prevail on the merits; (2) whether the movant would suffer irreparable harm if the

---

[1] This case has been substantively consolidated with the following cases: VR Investments, LLC 18-31637 and Baranko Enterprise, Inc. 18-31638.
[2] In addition to VR King Construction, LLC, Vinroy Reid is described as an "appellant" in the Motion; however, Vinroy Reid is not an "appellant" as will be shown herein.

stay is not granted; (3) whether other parties would suffer substantial harm if the stay is granted; and (4) whether the public interest would be harmed if the stay is granted. 10 Collier on Bankruptcy P 8007.07 (16th 2021)

4. The Third Circuit Court of Appeals in the case of In re Revel AC, Inc. 802 F.3d 558 (3d Cir. 2015) extensively discussed four above factors. In the Revel case the court stated:

> All four stay factors are interconnected, and thus the analysis should proceed as follows. Did the applicant make a sufficient showing that (a) it can win on the merits (significantly better than negligible but not greater than 50%) *and* (b) it will suffer irreparable harm absent a stay? If it has, we balance the relative harms considering all four factors using a "sliding scale" approach. However, if the movant does not make the requisite showings on either of these [first] two factors, the [] inquiry into the balance of harms [and the public interest] is unnecessary, and the stay should be denied without further analysis. But depending on how strong a case the stay movant has on the merits, a stay is permissible even if the balance of harms and public interest weigh against holding a ruling in abeyance pending appeal. Revel p. 571.

5. In this case, a stay cannot be granted as the Appellant has no chance to win on the merits.

6. The Appellant has appealed, as noted in paragraph 1 of the Motion, this *Court's Order Overruling Objections to Claims* (the "**VR King Order**") [ECF No. 330] by filing a Notice of Appeal in the VR King case, ECF No. 333 (the "**Notice of Appeal**").

7. However, an order identical to the VR King Order was entered in the bankruptcy case of Vinroy W. Reid, Case No. 18-31436 as ECF No. 347 (the "**Reid Order**").

8. A review of the Court's docket in the Vinroy Reid ("**Reid**") case discloses that no Notice of Appeal of the Reid Order has been filed in the Reid case. The Reid Order was entered on July 7, 2021 (65 days ago) and is now a final, unappealable order of this Court.

9. Appeals of right are governed by B.R. 8002(a)(1) which states:

> **(a) Filing the notice of appeal.**
> **(1)** *In general.* An appeal from a judgment, order, or decree of a bankruptcy court to a district court or BAP under 28 U.S.C. § 158(a)(1) or (a)(2) may be taken only by filing a notice of appeal with the bankruptcy clerk within the time allowed by Rule 8002.

10.    Reid failed to file a Notice of Appeal of the Reid Order in the Reid case within the time allowed by B.R. 8002.

11.    The Notice of Appeal filed in the VR King case cannot constitute a Notice of Appeal of the Reid Order:

    a.    The Notice of Appeal purports to be filed by Robert Lewis, Jr. ("**Lewis**") as "counsel for VR King Construction, LLC Case No. 18-31635 and Vinroy Reid Case No. 18-31436."[3] Lewis is the attorney for VR King. The attorney for Vinroy Reid is Paolo Malachi Newman. Thus, although the Notice of Appeal purports to be filed on behalf of Reid, it was not filed or executed by anyone with authority to represent Reid; and,

    b.    The Notice of Appeal, on its face, indicates that the only order being appealed is the order that was entered in the VR King case.

12.    Simply put, Reid is not an "appellant" as he has filed no appeal and is now unable to file an appeal, should he so desire.

13.    Because the Reid Order is now a final order it is necessary that the Trustee as trustee of the Reid estate liquidate sufficient assets of said estate to, if possible, fully pay all of the claims against the Reid estate, including the claim of Y2 Yoga.

14.    Among the assets of the Reid estate is Reid's 100% membership interest in VR King (see Amended Schedule AB, ECF No. 193).

15.    Consequently, without regard to the outcome of the pending appeal filed by VR King, the Trustee will be required to liquidate assets of VR King to pay the claims against the Reid Estate which claims include the claim of Y2 Yoga. For this reason the appeal is equitably moot. "Unlike the constitutional doctrine of mootness which bars consideration of appeals because no Article III case or controversy remains, the doctrine of equitable mootness is a pragmatic principal, grounded in

---

[3] Although the Trustee is uncertain what Lewis means when he says that he is "attorney for the case", Lewis certainly is not attorney for the Reid case as he has no relationship to the Reid case. Although Lewis on April 26, 2019 filed a Motion to Substitute Counsel [ECF No. 138] he withdrew such motion on April 30, 2019 [ECF No. 140]. This Court has never authorized Lewis to act as attorney for Reid or his estate.

the notion that with the passage of time after a judgment in equity and the implementation of that judgment, effective relief on appeal becomes impracticable, imprudent and therefore inequitable." *Mac Panel Co. v. Va. Panel Corp.*, 283 F.3d 622, 625 (4th Cir. 2002).

16. For the above-stated reasons the appellant is unable to meet the first requirement of the four-part test and the Motion must be denied.

17. Appellant also requests that the Court grant a stay without requiring that Appellant post a supersedes bond. Appellant makes no showing that a bond is not necessary. The Appellant has the burden of proof that a bond is not needed. The bankruptcy court in the case of In re Fiesta Inn & Suites, LP, 2009 Bankr. LEXIS 4176, 2009 WL 5195961 stated:

> Because a supersedeas bond is designed to protect the appellee, the party seeking a stay without bond has the burden of providing specific reasons why the court should depart from the standard requirement of granting a stay only after posting of a supersedeas bond in the full amount of the judgment. The bond requirement should not be eliminated or reduced unless doing so "does not unduly endanger the judgment creditor's interest in ultimate recovery."

18. Rather than make a case that no bond is required, Appellant relies upon conclusory statements that no bond is needed as follows:

> The assets in question are part of the Chapter 7 bankruptcy estate and are being safeguarded by the Chapter 7 Trustee, [whom] *sic* pursuant to [its] *sic* role as Trustee, is in control of all of Appellant's assets, all of which are part of the bankruptcy estate.

19. Appellee has utterly failed to make a case that no bond is required and should the Court be inclined to enter a stay of its order, the Appellant should be required to post a supersedes bond in the full amount of the remaining claim owed to Y2 Yoga.

WHEREFORE, the Trustee prays that the Court enter an order denying the relief requested by the Appellant.

This the 10th day of September, 2021.

    /s/ A. Burton Shuford
A. Burton Shuford, NCBN 10035
Attorney for the Trustee
4700 Lebanon Road, Suite A-2
Direct Dial: (980) 321-7000
bshuford@abshuford.com

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE:<br><br>VR KING CONSTRUCTION, LLC, *et al.,* [1]<br><br>Debtor | Case No. 18-31635-LTB<br>Chapter 7 |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the *RESPONSE TO MOTION FOR STAY PENDING APPEAL* by either Electronic Case Filing or Facsimile or by depositing copies of same in the exclusive care and custody of the United States Postal Service, with proper postage thereto affixed, addressed to the parties listed below and to those as listed on the attached Exhibit A:

| | |
|---|---|
| Shelley K. Abel, US Bankruptcy Administrator | VIA ELECTRONIC CASE FILING |
| Robert Lewis, Jr., Counsel for Debtor | VIA ELECTRONIC CASE FILING |
| James H. Henderson, Counsel for Y2 Yoga | VIA ELECTRONIC CASE FILING |

VR King Construction, LLC
c/o Vinroy Reid
626 Char-Meck Lane
Charlotte, NC 28205

Paolo Malachi Newman
Counsel for Vinroy W. Reid
428 E. 4th Street, Suite 404
Charlotte, NC 28202

This the 10th day of September, 2021.

    /s/ A. Burton Shuford
A. Burton Shuford, NCBN 10035
Attorney for the Trustee
4700 Lebanon Road, Suite A-2
Direct Dial: (980) 321-7000
bshuford@abshuford.com

---

[1] This case has been substantively consolidated with the following cases: VR Investments, LLC 18-31637 and Baranko Enterprise, Inc. 18-31638.