FILED & JUDGMENT ENTERED
Steven T. Salata

September 28 2021

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

Laura T. Beyer
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| **VR KING CONSTRUCTION, LLC,** ) | Chapter 7 |
| ) | Case No. 18-31635 |
| Debtor. ) | |
| _____ ) | |

**ORDER DENYING MOTION FOR STAY PENDING APPEAL**

**THIS MATTER** is before the court on the Debtor's Motion for Stay Pending Appeal (the "Motion"), the Trustee's Response to Motion for Stay Pending Appeal (the "Response"), and the Objection of Y2 Yoga Cotswold, LLC to Motion for Stay Pending Appeal and Joinder in Trustee's Response to Motion for Stay Pending Appeal (the "Joinder"). In the Motion, the Debtor seeks an order granting a stay of the effects of the court's July 7, 2021 Order Overruling Objections to Claim (the "July 7 Order") pending its appeal. The Response seeks an order denying the Motion, and the Joinder supports the relief requested in the Response. For the reasons set forth below, the court denies the Motion.

**Facts and Procedural Background**

The court has previously explained the facts and procedural history relevant to this bankruptcy proceeding. See Y2 Yoga Cotswold, LLC v. V.R. King Constr., LLC (In re VR King Constr., LLC), Ch. 7 Case No. 18-31635, Adv. No. 19-3047, 2020 WL 7063192, at *1—6 (Bankr. W.D.N.C. Dec. 2, 2020) (order granting partial summary judgment). The court explained the subsequent relevant facts and procedural history in the July 7 Order. See In re VR King Constr., LLC, Ch. 7 Case Nos. 18-31635, 18-31634, 2021 WL 2845230, at *1—2 (Bankr. W.D.N.C. July 7, 2021).[1] In the July 7 Order, the court overruled the Chapter 7 Trustee's and Debtors' objections to claim and awarded Y2 Yoga Cotswold, LLC ("Y2 Yoga") the balance of its attorney's fees incurred in connection with its state court action against the Debtor and this bankruptcy proceeding. Id. at *9.

The Debtor filed a notice of appeal to the District Court on July 21, 2021. Thereafter, the Debtor filed the Motion seeking to stay the effects of the July 7 Order pending the appeal pursuant to Federal Rules of Bankruptcy Procedure 7062, 8005, and 9014. The Motion contends, among other things, that the stay will not prejudice any creditors or the bankruptcy

---

[1] Vinroy W. Reid, the sole owner of the Debtor, is also currently in a Chapter 7 bankruptcy pending before this court as case no. 18-31634. The parties, facts, and issues in the two proceedings are largely the same, and the court entered an order identical to the July 7 Order in Reid's case. The July 7 Order refers to Vinroy Reid and VR King Construction, LLC together as the Debtors.

estate.  Moreover, the Debtor argues that it will be successful in its appeal on the merits since this is a case of first impression dealing with the intersection of unresolved issues of state law and bankruptcy law.

In the Response, the Trustee states that the appropriate rule under which the Debtor should have moved the court is Bankruptcy Rule 8007.  In addition, the Trustee notes that the court entered an identical order to the one that the Debtor is appealing in the Vinroy Reid ("Reid") bankruptcy proceeding (the "Reid Order").  The Reid Order requires the Trustee to liquidate sufficient assets to pay all claims against the Reid estate, which include a 100% membership interest in the Debtor.  Reid failed to timely file a notice of appeal of the Reid Order, and, as a result, the Trustee must sell assets of the Debtor sufficient to pay off the claims of Reid's estate regardless of the outcome of the appeal in this case.  The assets of Reid are limited, the claims against Reid are substantial, and the Trustee will need to liquidate sufficient assets of the Debtor to pay Reid's claims.  Therefore, the Trustee contends that the appeal is equitably moot and that the Debtor is not likely to succeed on the merits of its appeal.  Y2 Yoga's Joinder supports the assertions of the Trustee.  The court held a hearing on the Motion on September 15, 2021.  The Chapter 7 Trustee, attorneys for the Debtor and Y2 Yoga, and the Bankruptcy Administrator

appeared at the hearing.

## Discussion

Federal Rule of Bankruptcy Procedure 8007(a) allows a bankruptcy court to stay the enforcement of a judgment, order, or decree pending appeal.  "The standard of review on a motion to stay pending appeal is similar to the standard for granting a preliminary injunction."  CWCapital Asset Mgmt., LLC v. Burcam Cap. II, LLC, Nos. 13-CV-278-F, 13-CV-279-F, 2013 WL 3288092, at *2 (E.D.N.C. June 28, 2013) (citations omitted).  In order to prevail on a motion for stay pending appeal, the party seeking a stay must show: (1) a likelihood of success on the merits of the appeal; (2) irreparable injury to the movant if the stay is denied; (3) a lack of substantive harm to other parties if the stay is granted; and (4) service to the public interest by granting the stay.  In re Asheville Bldg. Assocs., 93 B.R. 918, 918—19 (Bankr. W.D.N.C. 1988) (citing Long v. Robinson, 432 F.2d 977, 979 (4th Cir. 1970)).  To meet this standard, the moving party must satisfy each of the four requirements, and a court should not balance the four factors.  CWCapital, 2013 WL 3288092, at *2 (citing Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008); Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 347 (4th Cir. 2009), vacated on other grounds and remanded, 559 U.S. 1089 (2010), standard reaffirmed in 607 F.3d 355 (4th Cir. 2010)).  Whether to grant a stay pending appeal is

4

within the sound discretion of the court, and "the burden on the movant seeking the extraordinary relief of a stay is a 'heavy' one." Sabine Oil & Gas Corp. v. HPIP Gonzales Holdings, LLC (In re Sabine Oil & Gas Corp.), 551 B.R. 132, 142 (Bankr. S.D.N.Y. 2016) (citing In re Gen. Motors Corp., 409 B.R. 24, 30 (Bankr. S.D.N.Y. 2009); In re N.Y. Skyline, Inc., 520 B.R. 1, 5 (S.D.N.Y. 2014)).

In this case, the Debtor did not show a likelihood of success for its appeal. The Debtor will likely face a procedural hurdle that makes success unlikely. As the Trustee noted in the Response, Reid did not timely file a notice of appeal of the Reid Order in his bankruptcy case. As a result, there is a final order in that case requiring the Chapter 7 Trustee to liquidate sufficient assets to pay the claims of Reid's estate, including the assets of the Debtor in this case due to Reid's ownership interest in the Debtor. As previously noted, the assets of Reid's estate are limited, and the claims against his estate are substantial. Thus, the Trustee will have to sell sufficient assets of the Debtor to pay Reid's claims, and the appeal in this case may be equitably moot. This issue of whether the appeal is equitably moot is appropriately left with the District Court to decide, but it makes success on appeal less likely.

Regardless of the procedural problem, the Debtor is also

5

likely not to succeed on the merits of its appeal. The Debtor did not offer any explanation as to why the attorney's fees awarded were unreasonable or why the court erred in its conclusion. Moreover, reasonableness of attorney's fees is not an issue of first impression. The two factor tests the court used in determining whether the attorney's fees were reasonable, the twelve <u>Johnson</u> factors and the thirteen factors set out in N.C. GEN. STAT. § 6-21.6, are frequently used by courts in this district, and the court cannot conclude it erred in its analysis. Therefore, the Debtor is unlikely to succeed on the merits of its appeal of the July 7 Order. Given that the Debtor cannot satisfy the first prong of the standard, the court's analysis can end here. Accordingly, the Debtor's Motion is hereby **DENIED**.

**SO ORDERED.**

This Order has been signed                                        United States Bankruptcy Court
electronically. The Judge's
signature and Court's seal
appear at the top of the Order.